IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RANDALL LYKINS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  11-CV-2133 JTM/DJW |
| ) | |
| CERTAINTEED CORPORATION, ) | |
| ) | |
| and ) | |
| ) | |
| SAINT-GOBAIN CORPORATION ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Defendants, CertainTeed Corporation and Saint-Gobain Corporation ("Defendants") provide the following Memorandum in Support of their Motion for Entry of Confidentiality Agreement and Protective Order and, state:

**Statement of the Nature of the Matter Before the Court**

Plaintiff has brought a cause of action for retaliatory discharge in violation of Kansas law and public policy with jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff claims Defendants terminated his employment in August 2010 in retaliation for alleged reports made to Defendants' upper management of conduct that Plaintiff purportedly believed violated environmental laws or regulations.  Defendants deny Plaintiff's allegations and assert that Plaintiff's employment with CertainTeed was terminated for legitimate, non-retaliatory reasons wholly unrelated to Plaintiff's alleged reports regarding environmental violations.

## Statement of Facts

1. Pursuant to the Scheduling Order (Doc. 24) in this case, the parties were given a deadline of September 16, 2011, to submit motions and briefs in support of proposed protective orders if they disagreed on the need for and/or scope of such an order.

2. Counsel for the parties worked to negotiate the terms of a mutually agreeable protective order governing the confidentiality of documents and testimony produced in discovery.

3. Through their negotiations, counsel came to an agreement on all terms governing the confidentiality of documents and testimony except for one.

4. The attached Confidentiality Agreement and Protective Order is fully agreed upon with the exception of Section 1.c., which provides that the parties may designate as confidential "Environmental information not publicly filed with any federal or state regulatory authorities."

5. Defendants assert such environmental information should be protected as confidential; Plaintiff does not believe it should be protected.

## Question Presented

Should the parties be permitted to designate as confidential documents and testimony containing "environmental information not publicly filed with any federal or state regulatory authorities?"

## Argument

Rule 26(c) of the Federal Rules of Civil Procedure provides for the entry of a protective order limiting the disclosure and use of confidential information and documents for good cause. This is a simple case regarding whether CertainTeed terminated Plaintiff's employment because he made reports of violations of environmental laws and regulations. Plaintiff has made clear,

however, through his written discovery requests and in statements by counsel in the Scheduling Conference, that he intends to wage a full frontal attack on all of CertainTeed's and Saint-Gobain's environmental practices and procedures.  Defendants do not believe the underlying environmental practices and procedures to be relevant to Plaintiff's whistleblower claim.  Regardless, given that the parties move in a relatively small business/industrial community, Defendants should not be required to disclose documents and testimony with environmental information that has not been publicly filed with a federal or state regulatory authority."  Such disclosure could, among other things, contain sensitive information regarding Defendants' proprietary products or processes, could impact Defendants' standing in the community, and/or impact personal and/or work relationships of employees.  Given the potentially sensitive nature of such non-public information, good cause exists for permitting the parties to designate as confidential documents and/or testimony containing non-public environmental information.  See, e.g., New York v. United States Metals Refining Co., 771 F.2d 796, 803-04 (3d Cir. 1985).

Respectfully Submitted,

/s/ Amy M. Fowler
| | |
|---|---|
| John R. Phillips | KS Dist. Ct. No. 70227 |
| Amy M. Fowler | KS Bar No. 20152 |
| Traci Daffer Martin | KS Bar No. 24284 |

Husch Blackwell,
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000 Telephone
(816) 983-8080 Facsimile
john.phillips@huschblackwell.com
amy.fowler@huschblackwell.com
traci.martin@huschblackwell.com
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies on the 16th day of September, 2011, a copy of the above and foregoing was served via the Court's ECF Notification to:

AdoLisa Anarado
2300 Main Street, Ste 900
Kansas City MO 64108
Telephone: 816-434-8300
adolisa@anaradolaw.com

Dennis Egan
The Popham Law Firm
712 Broadway, Suite 100
Kansas City, MO 64105
degan@pophamlaw.com

**Attorneys for Plaintiff**

                                         /s/ Amy M. Fowler
                                         Attorney for Defendants