## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **RANDALL LYKINS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 11-CV-2133-JTM/DJW** |
| ) | |
| **CERTAINTEED CORPORATION and** ) | |
| **SAINT-GOBAIN CORPORATION** ) | |
| ) | |
| **Defendants.** ) | |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL INSPECTION

Plaintiff, by and through undersigned counsel and pursuant to Fed.R.Civ.P. 37(a)(3)(b) and Local Rules 37.1 and 37.2, hereby move the Court for an Order compelling Defendant to allow entry onto its premises for the purpose of conducting an inspection of its Kansas City, Kansas fiberglass manufacturing plant ("KCK Plant").

## I.      INTRODUCTION

Plaintiff, a former "Hot End" shift manager on the K21 line at Defendants' KCK Plant, has brought this whistleblower retaliatory discharge action pursuant to Kansas state law. He seeks monetary damages for the unlawful termination of his employment in retaliation for his good-faith reporting of Defendants' environmental infractions.  Specifically, Plaintiff claims that in 2010 Defendants wrongfully used a Goodwin pump to discharge toxic wastewater from the K21 sump pit into the municipal sewer.  Plaintiff claims that he was terminated because of his multiple complaints to Defendants' upper management regarding the wrongful use of the Goodwin pump and Defendants' improper storage and disposal of EP Pellets, a highly-controlled hazardous substance.

The K21 line uses a closed-loop wash water system to capture the waste by-products

1

from the glass melting process.  This pollutant-contaminated water is pumped to the K21 wash water sump pit.  The polluted water is then pumped to the rotary-screen room where the solid contaminants are sifted from the water and disposed of as sludge.  When operating properly, the water in the system would be recycled within the closed-loop system.  However, when the K21 wash water sump pit becomes overloaded, Defendants used a Godwin pump to pump the contaminated water out of the sump pit and directly into the municipal sewer.  (Doc. 1, Complaint ¶ 13.)

From January 2010, Plaintiff noticed that waste from both the Solvent Building and the Oven EP were wrongfully being pumped into the K21 sump pit on a regular basis.  As such, it was highly likely that the liquid in the sump pit contained environmental pollutants that were Solvent Building and Oven EP waste products such as ammonia sulfate, manganese dioxide, resin, ucacide, EP material, diesel fuel, silicone, liquid ammonia, and even known carcinogens such as chromium.  Because of the additional waste water from the Solvent Building and Oven EP, the K21 sump pit consistently reached maximum capacity.  To prevent the sump pit from over-flowing, the Godwin pump was then used to pump the contaminated water directly into the municipal sewer system.  The sump-pit water contained environmental pollutants, as well as solid wastes and was discharged into the municipal sewer without being pre-tested, pre-treated, or pre-filtered.  (Doc. 1, Complaint ¶ 15.)  Plaintiff also noticed that EP pellets were improperly stored and disposed of.

Among other things, Defendants deny that the wastewater from the K21 sump pit was produced in the manner asserted by Plaintiff.  Defendants have also denied that the wastewater contained a concentration of any chemical that exceeded any applicable effluent limit established by CertainTeed's Wastewater Discharge Permit or any other limitation established by applicable

law.  (Doc. 12, Answer.)

In order to make a prima facie case of retaliatory discharge based on his reports of Defendants' wrongdoing, Plaintiff must prove, among other things, that based on his observations, he reasonably concluded that Defendants were engaged in activities that violated rules, regulations, or the law pertaining to public health and safety and the general welfare.  *See Shaw v. SW Kan. Groundwater Mgt. Dist. 3*, 219 P.3d 857, 862 (Kan. Ct. App. 2009).  As such, any information that explains or supports his observations or establishes the accuracy of his conclusions is directly relevant to the reasonableness of Plaintiff's conclusion that Defendants were violating environmental laws.  Plaintiff seeks access to the KCK Plant to obtain that information.   Specifically, Plaintiff seeks information regarding the process for production of the toxic wastewater, and where and how the wastewater was dumped.  Plaintiff also requires access to the Plant to obtain information regarding the storage and disposal of EP Pellets.  Plaintiff's First Request for Permission to Enter & Inspect Land of Defendant CertainTeed Corporation was narrowly tailored to only address issues pertaining to the wastewater production and dumping on the K21 line and disposal of EP Pellets.  There are many other areas of the KCK Plant that Plaintiff is not requesting to inspect (e.g. K22 line, "Cold End," ect.).

By the very nature of this litigation, Plaintiffs are at a significant information disadvantage.  Defendant, as owner of the KCK Plant has complete and unimpeded access to the facility for the review, analysis and examination of information to support their claims regarding the wastewater production process and EP pellets storage and disposal.  The only way for Plaintiff to obtain information that establishes the reasonableness of his conclusions while leveling the information playing field between the parties is through a

plant inspection.  An Order from this Court compelling access to Defendant's facilities as requested alleviates Defendant's unfair advantage and allows Plaintiff to reasonably and fairly present his case to the Court.  Without Court intervention, Defendant's inequitable knowledge base will significantly prejudice the Plaintiff.

This Motion focuses on whether Plaintiff should be permitted to inspect the KCK Plant as referenced in his Request to Enter Land and a discussion of why Defendant's objections to the inspection fail.  Defendant has refused to engage in any substantive discussions regarding a permissible scope and format for conducting the inspection. CertainTeed takes the position that Plaintiff is not entitled to any type of inspection. Because the parties have reached an impasse, Plaintiff requests an order from the Court overruling Defendant's objections to a plant inspection and compelling Defendant to grant access to the KCK Plant.

## II.    STATEMENT OF FACTS[1]

1.      On June 29, 2011, the parties held their Rule 26(f) discovery and case management conference.  During this conference, Plaintiff's counsel verbally requested an on-site inspection of the KCK Plant.  Defense counsel objected to such an inspection as wholly irrelevant and inappropriate for this case.

2.      On August 23, 2011, Plaintiff served *his First Request for Permission to Enter & Inspect Land of Defendant CertainTeed* where he formally requested an on-site inspection of the KCK Plant pursuant to Rule 34(a)(2) of the Federal Rules of Civil Procedure.[2]  Exhibit

---

[1] *See* Exhibit D, Affidavit of AdoLisa Anarado

[2] Plaintiff only served CertainTeed with the Request for Inspection for the sake of simplicity.  In its Answer, Saint-Gobain denies that it owns the KCK Plant.  (Doc. 16, Saint-Gobain Answer ¶ 10.)  By not serving Saint-Gobain the Request for Inspection, Plaintiff does not waive its position that both Defendants are an integrated enterprise and both Defendants own the KCK Plant.

A.

3.      On August 30, 2011 the Court held a scheduling conference with both parties where Plaintiff's counsel raised the issue of Defendants' objections to a plant inspection. The Court indicated that the issue will have to be addressed in the context of a motion to compel.

4.      On September 26, 2011, Defendant CertainTeed served its *Objections to Plaintiff's First Request for Permission to Enter & Inspect Land of Defendant CertainTeed Corporation.*  Exhibit B.

5.      On September 29, 2011, Plaintiff's Counsel sent Defense Counsel an email requesting Defendant to withdraw its objections since the information sought is relevant to Plaintiff's prima facie whistleblower retaliation claim and can only be obtained by an inspection of the KCK Plant.  Exhibit C.

6.      On October 4, 2011, CertainTeed refused to withdraw its objections to Plaintiff's request for inspection.

7.      Despite several attempts made by Plaintiff's Counsel, to date, Defendant CertainTeed has refused to engage in any substantive discussions regarding a permissible scope and process for inspecting the KCK Plant.

8.      This motion is filed within thirty days of the service of Defendant's Objections to Plaintiff's First Request for Permission to Enter & Inspect Land of Defendant CertainTeed Corporation and is therefore timely filed.

III.    **QUESTION PRESENTED**

Whether the Court should enter an Order, pursuant to Rule 37 of the Federal Rules of Civil Procedure, overruling and/or striking Defendant's objections to Plaintiff's First

Request for Permission to Enter and Inspect Land of Defendant CertainTeed Corporation and order that Plaintiff and his agents be allowed access to Defendant's KCK Plant to inspect, measure, survey, photograph, and sample designated areas, objects and operations on the property.

IV.     **ARGUMENTS AND AUTHORITIES**

    **A.  STANDARDS REGARDING THE SCOPE OF DISCOVERY**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P. 26(b)(1).  When the discovery sought appears relevant, <u>the party resisting the discovery has the burden</u> to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.  *Owens v. Sprint/United Mgmt.*, 221 F.R.D. 649, 652 (D. Kan. 2004).

Rule 34(a)(2) of the Federal Rules of Civil Procedure authorizes requests to a party to permit entry upon designated land "or other property" for the purpose of inspecting, measuring, surveying, testing, or sampling the property or any other object or operation located on the property.  "The rule permits the 'observation of machinery, work practices, or manufacturing operations on a party's premises.'"  *Long v. U.S. Brass Corp.*, No. 03-B-968BNB, 2004 WL 1725766, at *3 (D. Colo. June 29, 2004)(quoting Jay E. Grenig and Jeffrey S. Kinsler, *Handbook of Federal Civil Discovery and Disclosure*, § 9.22 (2d ed.)).  As with a request for the production of documents or other tangible things under Rule 34(a)(1), the

scope of a request to enter property is limited only by the broad scope of examination permitted by Rule 26(b).  *Cuno, Inc. v. Pall Corp.*, 116 F.R.D. 279, 281 (E.D.N.Y. 1987).  Rule 34 has been used to obtain entry to manufacturing facilities.  *See McDonald et al v. Kellogg Company*, Case No. 08-2473-JWL (D. Kan. Feb. 7, 2011); *Eirhart v. Libbey-Owens-Ford Co.*, 93 F.R.D. 370, 371-2 (N.D. Ill. 1981).

Rule 37(a) of the Federal Rules of Civil Procedure provides this Court with authority to compel Defendant to allow Plaintiff access to Defendant's facilities.  *See* Fed.R.Civ.P. 37(a)(2).  "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."  *Tilley v. Equifax Information Services, LLC*, 245 F.R.D.  717 (D. Kan. 2007).  "A request for discovery should ordinarily be allowed unless it is clear that information sought can have no possible bearing on the subject matter of action."  *Leighr v. Beverly Enterprises-Kansas Inc.*, 164 F.R.D. 550 (D. Kan. 1996).  The decision to grant a motion to compel is a matter of discretion for the Court.  *Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667, 669-670 (D. Kan. 2005).  As discussed more fully below, such an order is appropriate in this case because Defendant's objections are unfounded and should be overruled.

## B.  DEFENDANTS OBJECTIONS

Plaintiff has sought access to the KCK Plant to gather information pertaining to his prima facie whistleblower case and Defendants' defenses.  In *Plaintiff's First Request for Permission to Enter & Inspect Land of Defendant CertainTeed Corporation*, Plaintiff requests permission to only inspect areas of the KCK Plant that pertain to the production of K21 wastewater and the storage and disposal of EP Pellets.  *See* Exhibit A, *Pl.'s Request to Inspect*.  Defendant summarily rejected Plaintiff's request.  To each and every item Plaintiff

requested to inspect, Defendant responded as follows:

> Objection.   CertainTeed objects to this request as seeking irrelevant information and /or as not being reasonably calculated to lead to the discovery of admissible evidence.  CertainTeed further objects to this request as overly broad to the extent it seeks inspection of areas of the KCK facility not a t issue in this lawsuit and to the extent it request measuring, surveying, photographing, testing, and/or sampling the property and designated objects and operations on it. CertainTeed further objects to this request as unduly burdensome in that it interferes with CertainTeed's operations, poses a potential safety risk to employees and those participating in the inspection, and poses and undue expense for CertainTeed.   CertainTeed further objects to this request to the extent this request requires exposure to confidential business and/or proprietary information and processes not generally available to the public.  CertainTeed further objects that the request is intended to annoy and harass CertainTeed.

Exhibit B, *Def.'s Objections to Pl.'s Request to Inspect*.  These objections are without merit and should be overruled.

> **1. Defendant's Objections Based on the Grounds that the Requests Seek Irrelevant Information and/or are not Reasonably Calculated to Lead to the Discovery of Admissible Evidence are Meritless and Should be Overruled.**

In this case, Plaintiff alleges that while he was employed at the KCK Plant, Defendants wrongfully dumped toxic, untreated, untested and unfiltered wastewater directly into the Kansas City, Kansas municipal sewer system.  Plaintiff also alleges that Defendants improperly stored and disposed hazardous EP pellets.   In their Answers to Plaintiff's Complaint, Defendants deny that they committed any environmental infractions. They claim that:

> a.  The K-21 wastewater does not go directly into the municipal sewer.

(Docket No. 12, Answer ¶ 13.)

b.  Much of the wastewater from the K-21 sump pit goes through rotary screens that eliminate solid particles, and that some water is recycled back into the system. (Docket No. 12, Answer ¶ 13.)

c.  The K-21 system was designed so that the K-21 sump pit would catch the wastewater overflow from the Solvent Building and the Oven Wet electrostatic precipitator. (Docket No. 12, Answer ¶ 15.)

d.  The K-21 sump pit did not reach maximum capacity because of water from the Solvent Building.  (Docket No. 12, Answer ¶ 15.)

e.  The water removed from the K-21 sump pit did not contain a concentration of any chemical that exceeded any applicable effluent limit established by CertainTeed's Wastewater Discharge Permit or any other limitation established by applicable law. (Docket No. 12, Answer ¶ 15.)

f.  The wastewater removed from the K-21 sump pit by use of the Godwin pump was tested and filtered. (Docket No. 12, Answer ¶ 15.)

Under Kansas law, to establish a prima facie whistleblower wrongful termination case, Plaintiff must establish that (1) a reasonably prudent person would have concluded that his employer was engaged in activities that violated rules, regulations, or the law pertaining to public health and safety and the general welfare; (2) the employer had knowledge that the employee reported the violation prior to his discharge; (3) the employee was discharged in retaliation for making the report; and (4) the reports were made in good faith. *Shaw v. SW Kan. Groundwater Mgt. Dist. 3*, 219 P.3d 857, 862 (Kan. Ct. App. 2009).  Kansas courts recognize that the subject matter of Plaintiff's report is a

relevant part of Plaintiff's prima facie case.  *See Shaw*, 219 P.3d 864 (rejected summary judgment by relying on Plaintiff's evidence supporting the subject matter of Plaintiff's report).

In this case, Plaintiff made numerous reports concerning the wrongful use of the Godwin pump and the improper storage and disposal of EP Pellets.  Plaintiff seeks an inspection to obtain information regarding wastewater production and EP pellets storage and disposal.  This information is relevant to the issue of the reasonableness of Plaintiff's conclusions regarding Defendant's actions.  The information Plaintiff seeks could provide contextual background for the parties' claims and establish that the Defendants indeed engaged in the activities Plaintiff complained of (i.e. Defendants' excessive use of the Godwin pump) and may also establish whether those activities violated the law.

At the very least, Defendants have made the issue regarding the process for wastewater production relevant to this case by affirmatively making claims about the process in their Answer.  Defendants' claims must be established with evidence.  And only Defendants have unfettered access to that evidence.  Plaintiff has absolutely no way to ascertain the veracity of Defendants' claims regarding the K21 wastewater without a plant inspection.  Currently, Plaintiff has no evidence to counter Defendant's claims.  The Court's intervention is needed so that Plaintiff is afforded the opportunity to obtain the information necessary to counter Defendant's claims and prove his case.

**2. Defendant's Overly Broad, Unduly Burdensome, and Harassment Objections are Unsubstantiated and Should Therefore be Overruled.**

CertainTeed objects to all of Plaintiff's requests on the grounds that they are overly broad "to the extent [they] seek[ ] inspection of areas of the KCK facility not at issue in this lawsuit and to the extent [they] request[ ] measuring, surveying, photographing, testing,

and/or sampling the property and designated objects and operations on it."

As stated above, Plaintiff has localized his inspection requests to those areas directly relevant to this lawsuit.  In his first request, Plaintiff seeks access to the grounds outside the KCK Plant buildings including storage sheds and waste disposal areas to inspect and possibly photograph the areas where the Godwin pump was hidden whenever the Water Pollution Control Division of the Unified Government visited the KCK Plant and the areas where EP Pellets were improperly stored and dumped. (*See* Doc. 1, Complaint ¶ 19.)  The remainder of Plaintiff's requests deals specifically with the production and disposal of K21 wastewater and the storage and disposal of EP pellets.  To date, Defendant has failed to provide any substantive information as to why it believes any of these requests are overly broad.  Nor has Defendant provided any suggestions on how to appropriately narrow the requests.  Furthermore, Defendant has failed to articulate a logical reason why  the measuring, surveying, photographing, testing and/or sampling of relevant objects or operations at the KCK Plant is overly broad.  For these reasons, all of Defendant's objections based on the requests being overly broad should be overruled.

Likewise, Defendant's objections based on the requests being unduly burdensome should be overruled for the same reasons.  Defendant has flatly refused to engage in any substantive discussions regarding a plant inspection.  Plaintiff's Counsel have been ready and willing to discuss inspection protocol so as to reduce the intrusiveness of the inspection and even offered to conduct the inspection during the weekend or during hours when fewer workers are on-site.  That suggestion has been ignored.  Defendant has not only failed to clearly describe how an inspection is unduly burdensome, it has not even attempted to work with Plaintiff's Counsel to devise an acceptable inspection protocol.  For

these reasons all of Defendant's unduly burdensome objections should be overruled.

As with its "overly broad" and "unduly burdensome" objections, Defendant's have also failed to substantiate its position that Plaintiff's requests are "intended solely to annoy and harass CertainTeed."   Although CertainTeed may be annoyed by Plaintiff's requests, that does not mean that evoking CertainTeed's annoyance was Plaintiff's "sole intent" as Defendant asserts.   Such a position is completely unsubstantiated and unsupported by the record.   Rather, Plaintiff is simply attempting to exercise his rights under the Federal Rules of Civil Procedure and gather the information necessary to accurately present the facts to this Court and establish his case.   Plaintiff's intentions were made clear to Defense Counsel at the parties' Rule 26 Conference several months ago, at the scheduling conference with the Court, and several times other since then.   Plaintiff requests that the Court overrule this objection because it is unfounded and unsubstantiated.

### 3. Defendant's Objections Based on Grounds that the Requests Seek Confidential Business and/or Proprietary Information are Without Merit and Should be Overruled.

The parties have already agreed that business and/or proprietary information exchanged during the course of this litigation should be deemed confidential and the existence of this agreement is reflected by the inclusion of confidential business and proprietary information provisions in each party's individually submitted proposed protective orders.   (*See* Docs. 27, 28, 29.)   Since the parties have already agreed to a protective order covering Defendant's confidential business and/or proprietary information, an inspection should not be denied based on those grounds.   As such, all of Defendant's objections based on confidentiality should be overruled.

### V.   CONCLUSION

The crux of this whistleblower retaliatory discharge action revolves around Plaintiff's claims that in 2010 Defendants wrongfully dumped toxic wastewater directly into the Kansas City, Kansas municipal sewer system and improperly stored and disposed EP pellets, a highly regulated hazardous substance.  The weight of authority establishes that an inspection pursuant to Rule 34 should be granted in this case.

Furthermore, besides his own testimony, at this point in the litigation Plaintiff has very limited substantive evidence to establish the reasonableness of his conclusions regarding Defendant's environmental improprieties.  The KCK Plant is the only repository of evidence pertaining to this vital element of Plaintiff's prima facie case and Defendant has unfettered access to it.  The unequal information playing field, if left unchecked without Court intervention, will inevitably cause a grossly inequitable result.  In order for Plaintiff to withstand the rigorous evidentiary standard applicable to retaliatory discharge cases, the information playing field must be leveled.  Defendant's blanket refusal of access to the KCK Plant is unjust, unwarranted and simply obstructionist.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion to Compel, award Plaintiff his attorney's fees, and enter Plaintiff's proposed Order.

By:                                                    /s/ AdoLisa J. Anarado
                                                        AdoLisa J. Anarado, KS# 78166
                                                        **ANARADO LAW FIRM, LLC**
                                                        2300 Main Street, Suite 900
                                                        Kansas City, Missouri 64108
                                                        Telephone: 816.434.8300
                                                        Email: *adolisa@anaradolaw.com*

                                                        **And**

                                                        Dennis E. Egan, KS# 70672
                                                        **POPHAM LAW FIRM, P.C.**
                                                        712 Broadway, Suite 100

Kansas City, Missouri 64105
Telephone: 816.221.2288
Telecopier: 816.221.3999
Email: degan@pophamlaw.com

**ATTORNEYS FOR PLAINTIFF**

### Certificate of Service

The undersigned hereby certifies that on October 14, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John R. Phillips
Amy M. Fowler
Traci Daffer Martin
HUSCH BLACKWELL, LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
816-983-8000 (office)
816-983-8080 (facsimile)
E-mail: john.phillips@huschblackwell.com
E-mail: amy.fowler@huschblackwell.com
E-mail: traci.martin@huschblackwell.com

**ATTORNEYS FOR DEFENDANT S
CERTAINEED CORPORATION and
SAINT-GOBAIN CORPORATION**


    /s/  AdoLisa Anarado
Attorney for Plaintiff