IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RANDALL LYKINS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CV-2133 JTM/DJW |
| ) | |
| CERTAINTEED CORPORATION, ) | |
| ) | |
| and ) | |
| ) | |
| SAINT-GOBAIN CORPORATION ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CERTAINTEED'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND AMENDED NOTICE OF 30(b)(6) DEPOSITION OF CERTAINTEED CORPORATION AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant CertainTeed Corporation ("CertainTeed") provides the following Responses to Plaintiff Randall Lykins' Second Amended Notice of 30(b)(6) Deposition of CertainTeed Corporation and Request for Production of Documents:

**OBJECTIONS AND RESPONSES TO EXHIBIT A (TOPICS FOR EXAMINATION)**

As an initial matter, CertainTeed objects to Plaintiff's imposition of a deadline not required by the Federal Rules of Civil Procedure of District of Kansas Local Rules that CertainTeed provide a written designation of who it plans to produce on which subjects. In addition, these objections are made without waiving the right to object to specific questioning on the topics outlined at the time of the deposition.

*Business Issues*

1. Historical overview and general background of CertainTeed Corporation.

    **RESPONSE:** CertainTeed objects to the extent this topic seeks confidential business, financial, and/or proprietary information not generally available to the public. CertainTeed also objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and

> forces CertainTeed to speculate as to the discovery being sought. See Steil v. Humana Kansas City, Inc., 197 F.R.D. 442, 444-45 (D. Kan. 2000).
>
> **Subject to and without waiving any objections, CertainTeed will produce Dave Stehly to provide testimony on this topic, subject to the Confidentiality and Protective Order entered in this case.**

2. Historical overview and general background of KCK Plant and K21 line.

    > **RESPONSE:** **CertainTeed objects to the extent this topic seeks confidential business, financial, and/or proprietary information not generally available to the public. CertainTeed also objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See Steil v. Humana Kansas City, Inc., 197 F.R.D. 442, 444-45 (D. Kan. 2000).**
    >
    > **Subject to and without waiving any objections, CertainTeed will produce Dave Stehly to provide testimony on this topic, subject to the Confidentiality and Protective Order entered in this case.**

3. Your corporate structure (2008-present).

    (a) Corporate governance structure and hierarchy, including names of corporate officers, duties of officers, names of members of the board of directors and duties of board of directors, ect.
    (b) Overlap of your corporate governance structure with Saint-Gobain Corporation
    (c) Overlap of your corporate governance structure with Saint-Gobain Delaware Corporation.
    (d) Decision-Making relationship between You and Your corporate parents.
    (e) Financial relationship between You and Your corporate parents, including handling of Your profits and debts, project funding, ect.

    > **RESPONSE:** **Objection. CertainTeed objects to the extent this topic seeks confidential business, financial, and/or proprietary information not generally available to the public. CertainTeed also objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See Steil, 197 F.R.D. at 444-45. CertainTeed further objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See id. CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains an inadequate temporal (during the relevant period of Plaintiff's employment) or geographical (the KCK plant) limitation. See Hartford Fire Ins. Co. v. P & H**

**Cattle Co.**, Civil Action No. 05-2001-DJW, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009).

4. Your operational structure (2008 to present).

   (a) Identity of departments and/or divisions located at corporate headquarters.
   (b) Roles of departments and/or divisions located at corporate headquarters.
   (c) Identity and hierarchy of departments and/or divisions within the company.
   (d) Your manufacturing lines – number of lines, location of lines.
   (e) Corporate oversight process and procedure for KCK Plant and K21 line.
   (f) Policy and/or procedure for setting production requirements and budget for KCK Plant and K21 line.
   (g) Your procedure for oversight of the KCK Plant, including budget, production, volume, manufacturing process, regulatory compliance, human resources, ect.
   (h) KCK Plant Manager's hierarchal position within the company.
   (i) Your company-wide computer system including electronic filing system, email system, location of servers, relation to your computer system to Saint-Gobain's system.

   **RESPONSE: Objection. CertainTeed objects to the extent this topic seeks confidential business, financial, and/or proprietary information not generally available to the public. CertainTeed also objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See Steil, 197 F.R.D. at 444-45. CertainTeed further objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See id. CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains an inadequate temporal (during the relevant period of Plaintiff's employment) or geographical (the KCK plant) limitation. See Hartford Fire Ins. Co. v. P & H Cattle Co., Civil Action No. 05-2001-DJW, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009).**

5. CertainTeed's financial status (2007 – present).

   (a) Publicly traded
   (b) Net worth

   **RESPONSE: Objection. CertainTeed objects to the extent this topic seeks confidential business, financial, and/or proprietary information not generally available to the public. CertainTeed further objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence, or at least premature, as Plaintiff has not established a case for punitive damages. See Learjet v. MPC Products Corp., No. 05-1074-MLB-DWB, 2007 WL 2287836, at *4-6 (D. Kan. Aug. 8, 2007). CertainTeed**

**further objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See Hartford Fire Ins. Co. 2009 WL 2951120, at *10. CertainTeed further objects to this topic as overly broad and burdensome because it does not contain an adequate temporal restriction. See id. ("The topics seeking testimony regarding 'any financial information received or requested' from the Peak Indemnity Defendants with no temporal limitation does not satisfy the reasonable particularity requirement of Rule 30(b)(6) sufficient to put Plaintiff on notice for what it should prepare its representative to testify."). CertainTeed also objects to this topic as premature.**

6. Your relationship with Saint-Gobain (2007- present).

    (a) Sain-Gobain insignia at KCK Plant
    (b) Shared Financial – accounting records, tax filings, bank accounts, lines of credit.
    (c) Shared Operations – telephone system, telephone number, switchboard, computer system, corporate headquarters, personnel, marketing, email or computer system.
    (d) Shared Labor Relations – payroll, human resources policies, employee benefits, employee
    (e) Decisions made by Saint-Gobain effecting CertainTeed manufacturing plant closures, product line, budget, operations, ect.

    **RESPONSE: Objection. CertainTeed objects to the extent this topic seeks confidential business, financial, and/or proprietary information not generally available to the public. CertainTeed also objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See Steil, 197 F.R.D. at 444-45. CertainTeed also objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See id. CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains an inadquate temporal (during the relevant period of Plaintiff's employment) or geographical (the KCK plant) limitation. See Hartford Fire Ins. Co. v. P & H Cattle Co., Civil Action No. 05-2001-DJW, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009).**

7. Employee Payroll

    (a) Information regarding bank account Plaintiff's payroll was paid from, including bank name and all entities on the account.

    **RESPONSE: Objection. CertainTeed objects to the extent this topic seeks confidential business, financial, and/or proprietary information not generally available to the public. CertainTeed also objects to this**

> topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See Steil, 197 F.R.D. at 444-45. CertainTeed further objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See id.

*Human Resources (2007 – Present)*

1. Randy Lykins' personnel file including evaluations, non-compete agreement, benefits information ect.

    **RESPONSE: CertainTeed will produce Dave Stehly to provide testimony on this topic.**

2. Explanation of Plaintiff's paystub, including paygroup, location, advice #, payment descriptions, taxes, deductions, employer benefits.

    **RESPONSE: CertainTeed will produce Dave Stehly to provide testimony on this topic.**

3. Plaintiff's pension, including total amount, method for accrual, terms and conditions.

    **RESPONSE: CertainTeed will produce Dave Stehly to provide testimony on this topic.**

4. Reason(s) of Plaintiff's termination.

    **RESPONSE: CertainTeed will produce Dave Stehly to provide testimony on this topic.**

5. Your denial of Plaintiff's unemployment benefits.

    **RESPONSE: Objection. CertainTeed objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See Steil, 197 F.R.D. at 444-45. CertainTeed further objects to this topic in that the information is not necessarily within the direct control of CertainTeed.**

    **Subject to and without waiving any objections, CertainTeed will produce Dave Stehly to provide testimony on this topic.**

6. Company-wide and KCK Plant attendance policies.

    **RESPONSE: CertainTeed will produce Dave Stehly to provide testimony on this topic.**

7.  Your attendance policy for shift and/or production managers at the KCK Plant.

    **RESPONSE: CertainTeed will produce Dave Stehly to provide testimony on this topic.**

8.  Positions held by Plaintiff

    (a) Shift Manager – duties and responsibilities, evaluation, salary, benefits.
    (b) Production Manager – duties and responsibilities, evaluation, salary, benefits.

    **RESPONSE: Objection. CertainTeed objects to the extent this topic seeks confidential business, financial, and/or proprietary information not generally available to the public. CertainTeed also objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See Steil, 197 F.R.D. at 444-45. CertainTeed also objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See id.**

    **Subject to and without waiving any objections, CertainTeed will produce Dave Stehly to provide testimony on this** topic.

9.  Your policy on retaliation.

    **RESPONSE: CertainTeed will produce Dave Stehly to provide testimony on this topic.**

10. Union grievance process at KCK Plant.

    **RESPONSE: CertainTeed will produce Dave Stehly to provide testimony on this topic.**

11. Retirement policy, including pension, lifetime insurance.

    **RESPONSE: CertainTeed will produce Dave Stehly to provide testimony on this topic.**

12. KCK Plant Managers

    (a) Supervision
    (b) Evaluation
    (c) Evaluation criteria
    (d) Salary and bonus structure
    (e) Tom Hance – tenure, reason for departure, last known contact information
    (f) Glenn Abraham – tenure, reason for departure, last known contact information
    (g) Ed Foster – tenure, reason for departure, last known contact information

> **RESPONSE:** **Objection. CertainTeed objects to the extent this topic seeks confidential business, financial, and/or proprietary information not generally available to the public. CertainTeed also objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See <u>Steil</u>, 197 F.R.D. at 444-45. CertainTeed also objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. <u>See id.</u>**
>
> **Subject to and without waiving any objections, CertainTeed will produce Dave Stehly to provide testimony on this topic**.

13. (8) Hot End Manager

    (a) Supervision
    (b) Evaluation
    (c) Evaluation criteria
    (d) Salary and bonus structure
    (e) People employed in this position and reason for departure

    > **RESPONSE:** **Objection. CertainTeed objects to the extent this topic seeks confidential business, financial, and/or proprietary information not generally available to the public. CertainTeed also objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See <u>Steil</u>, 197 F.R.D. at 444-45. CertainTeed also objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. <u>See id.</u>**
    >
    > **Subject to and without waiving any objections, CertainTeed will produce Dave Stehly to provide testimony on this topic.**

14. (9). Personnel hierarchy at the KCK Plant

    > **RESPONSE:** **CertainTeed also objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See Steil, 197 F.R.D. at 444-45.**
    >
    > **Subject to and without waiving any objections, CertainTeed will produce Dave Stehly to provide testimony on this topic**.

15. (10). Environmental Training

    (a)    C.OR.E training
    (b)    Mandatory environmental training for management personnel at KCK Plant.
    (c)    KCK Plant's process and protocol for ensuring employee compliance with environmental training

    **RESPONSE:** **CertainTeed also objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See <u>Steil</u>, 197 F.R.D. at 444-45.**

    **Subject to and without waiving any objections, CertainTeed will produce Ron Rodvelt to provide testimony on this topic.**

16. (11). Last known contact information of employees identified by Defendants:

    (a)    Tom Hance
    (b)    Glenn Abraham
    (c)    Ed Foster
    (d)    Dwayne Hullaby
    (e)    Ruby Bradley
    (f)    James Northington
    (g)    Terry Timmons

    **RESPONSE:** **Objection. CertainTeed objects to the extent this topic seeks confidential third party information.**

    **Subject to and without waiving any objections, CertainTeed will produce Dave Stehly to provide testimony on this topic.**

17. (12). Documents produced by Defendants related to Human Resources issues.

    **RESPONSE:** **CertainTeed objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See <u>Lipari v. U.S. Bancorp, N.A.</u>, Civil Action No. 07-2146-CM-DJW, 2008 WL 4642618, at \*6-7 (D. Kan. Oct. 16, 2008). CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains no temporal (during the relevant period of Plaintiff's employment) limitation. See <u>Hartford Fire Ins. Co.</u>, 2009 WL 2951120, at \*10.**

18. (13). Interactions between Saint-Gobain Personnel and CertainTeed personnel.

    **RESPONSE:** **Objection. CertainTeed objects to the extent this topic seeks confidential business, financial, and/or proprietary information not**

> generally available to the public.  CertainTeed also objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence.  See Steil, 197 F.R.D. at 444-45.  CertainTeed also objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought.  See id.  CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains an inadquate temporal (during the relevant period of Plaintiff's employment) or geographical (the KCK plant) limitation.  See Hartford Fire Ins. Co. v. P & H Cattle Co., Civil Action No. 05-2001-DJW, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009).

19. (14). Interactions between Saint-Gobain Personnel and KCK Plant personnel.

> **RESPONSE: Objection.  CertainTeed objects to the extent this topic seeks confidential business, financial, and/or proprietary information not generally available to the public.  CertainTeed also objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence.  See Steil, 197 F.R.D. at 444-45.  CertainTeed also objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought.  See id.  CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains an inadquate temporal (during the relevant period of Plaintiff's employment) limitation.  See Hartford Fire Ins. Co. v. P & H Cattle Co., Civil Action No. 05-2001-DJW, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009).**

*Environmental Compliance & Occupational Safety (2007-Present except where noted)*

1. Identification of all environmental laws and regulations applicable to wastewater discharge at the KCK plant.

> **RESPONSE: Objection.  CertainTeed objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought.  See id. CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains an inadequate temporal (during the relevant period of Plaintiff's employment) limitation.  See Hartford Fire Ins. Co., 2009 WL 2951120, at *10.**
>
> **Subject to and without waiving any objections, CertainTeed will produce Ron Rodvelt to provide testimony on this topic.**

2. Identification of all environmental laws and regulations applicable to EP Pellets disposal at the KCK plant.

   **RESPONSE: Objection. CertainTeed objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See id. CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains an inadequate temporal (during the relevant period of Plaintiff's employment) limitation. See Hartford Fire Ins. Co., 2009 WL 2951120, at \*10.**

   **Subject to and without waiving any objections, CertainTeed will produce Ron Rodvelt to provide testimony on this topic.**

3. KCK Plant's management system for ensuring compliance to all environmental laws applicable to wastewater discharge.

   **RESPONSE: Objection. CertainTeed objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See id. CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains an inadequate temporal (during the relevant period of Plaintiff's employment) limitation. See Hartford Fire Ins. Co., 2009 WL 2951120, at \*10.**

   **Subject to and without waiving any objections, CertainTeed will produce Ron Rodvelt to provide testimony on this topic.**

4. KCK Plant's management system for ensuring compliance to all environmental laws applicable to disposal of EP pellets.

   **RESPONSE: Objection. CertainTeed objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See id. CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains an inadequate temporal (during the relevant period of Plaintiff's employment) limitation. See Hartford Fire Ins. Co., 2009 WL 2951120, at \*10.**

   **Subject to and without waiving any objections, CertainTeed will produce Ron Rodvelt to provide testimony on this topic.**

5. The practices and procedures use at the KCK Plant to comply with CertainTeed's environmental obligations.

   **RESPONSE: Objection. CertainTeed objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See <u>Steil</u>, 197 F.R.D. at 444-45. CertainTeed further objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See <u>id.</u> CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains an inadequate temporal (during the relevant period of Plaintiff's employment) or subject matter (regarding environmental regulations related to disposal of wastewater and solid hazardous materials) limitation. See <u>Hartford Fire Ins. Co.</u>, 2009 WL 2951120, at \*10.**

   **Subject to and without waiving any objections, CertainTeed will produce Ron Rodvelt to provide testimony on this topic.**

6. Audits of CertainTeed's environmental practices at the KCK Plant.

   **RESPONSE: Objection. CertainTeed objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See <u>Steil</u>, 197 F.R.D. at 444-45. CertainTeed further objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See <u>id.</u> CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains no temporal (during the relevant period of Plaintiff's employment) or subject matter (regarding environmental regulations related to disposal of wastewater and solid hazardous materials) limitation. See <u>Hartford Fire Ins. Co.</u>, 2009 WL 2951120, at \*10. CertainTeed further objects to this topic as covered by the environmental audit privilege.**

7. Applications for KCK Plant's Wastewater Permit.

   **RESPONSE: CertainTeed objects to this topic as overly broad and unduly burdensome in that it contains no temporal (during the relevant period of Plaintiff's employment). See <u>Hartford Fire Ins. Co.</u>, 2009 WL 2951120, at \*10.**

   **Subject to and without waiving any objections, CertainTeed will produce Ron Rodvelt to provide testimony on this topic.**

8. Compliance with KCK Plant's Wastewater Permit.

   **RESPONSE: CertainTeed objects to this topic as overly broad and unduly burdensome in that it contains no temporal (during the relevant period of Plaintiff's employment). See Hartford Fire Ins. Co., 2009 WL 2951120, at \*10.**

   **Subject to and without waiving any objections, CertainTeed will produce Ron Rodvelt to provide testimony on this topic.**

9. Practice and procedures at the KCK Plant for EP Pellets disposal.

   **RESPONSE: CertainTeed objects to this topic as overly broad and unduly burdensome in that it contains no temporal (during the relevant period of Plaintiff's employment). See Hartford Fire Ins. Co., 2009 WL 2951120, at \*10.**

   **Subject to and without waiving any objections, CertainTeed will produce Ron Rodvelt to provide testimony on this topic**.

10. Identification of all OSHA regulations applicable to the K21 line wastewater disposal and CertainTeed's compliance with those regulations.

    **RESPONSE: Objection. CertainTeed objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See Steil, 197 F.R.D. at 444-45. CertainTeed further objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See id. CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains an inadequate temporal (during the relevant period of Plaintiff's employment) and subject matter (OSHA) limitation. See Hartford Fire Ins. Co., 2009 WL 2951120, at \*10.**

11. Identification of all OSHA regulations applicable to disposal of EP Pellets and CertainTeed's compliance with those regulations.

    **RESPONSE: Objection. CertainTeed objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See Steil, 197 F.R.D. at 444-45. CertainTeed further objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See id. CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains an inadequate temporal (during the relevant period of Plaintiff's employment) or subject matter (OSHA) limitation. See Hartford Fire Ins. Co., 2009 WL 2951120, at \*10.**

12. Identification of all MSDS Sheets applicable to the K21 line.

    **RESPONSE: Objection. CertainTeed objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See Steil, 197 F.R.D. at 444-45. CertainTeed further objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See id. CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains an inadequate temporal (during the relevant period of Plaintiff's employment) or subject matter (OSHA) limitation. See Hartford Fire Ins. Co., 2009 WL 2951120, at \*10.**

13. Explanation of MSDS Sheets at KCK Plant and hazards of all chemicals at the Plant.

    **RESPONSE: Objection. CertainTeed objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See Steil, 197 F.R.D. at 444-45. CertainTeed further objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See id. CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains an inadequate temporal (during the relevant period of Plaintiff's employment) or subject matter (OSHA) limitation. See Hartford Fire Ins. Co., 2009 WL 2951120, at \*10.**

### *K21 Line at KCK Plant (2008 – Present)*

1. Mechanics of the K-21 line and fiberglass production process.

    **RESPONSE: Objection. CertainTeed objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See Steil, 197 F.R.D. at 444-45. CertainTeed further objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See id. CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains an inadequate temporal (during the relevant period of Plaintiff's employment) or subject matter (regarding environmental regulations related to disposal of wastewater and solid hazardous materials) limitation. See Hartford Fire Ins. Co., 2009 WL 2951120, at \*10.**

    **Subject to and without waiving any objections, CertainTeed will produce Ron Rodvelt to provide testimony on this topic.**

2. K21 wastewater production system and KCK Plant's sewer system.

   **RESPONSE: Objection. CertainTeed objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See Steil, 197 F.R.D. at 444-45. CertainTeed further objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See id. CertainTeed further objects to this topic as overly broad and unduly burdensome in that it contains no temporal (during the relevant period of Plaintiff's employment) or subject matter (regarding environmental regulations related to disposal of wastewater and solid hazardous materials) limitation. See Hartford Fire Ins. Co., 2009 WL 2951120, at \*10. Subject to and without waiving any objections, and based on its understanding of the information sought, CertainTeed states as follows:**

   **Subject to and without waiving any objections, CertainTeed will produce Ron Rodvelt to provide testimony on this topic.**

3. Mechanics of Godwin pump used on K-21 sump pit in 2010.

   **RESPONSE: Objection. CertainTeed objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See Steil, 197 F.R.D. at 444-45. CertainTeed further objects to this topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. See id. Subject to and without waiving any objections, and based on its understanding of the information sought, CertainTeed states as follows:**

   **Subject to and without waiving any objections, CertainTeed will produce Ron Rodvelt to provide testimony on this topic.**

4. Reasons for shut down of K21 line and identity of decision maker(s).

   **RESPONSE: Objection. CertainTeed objects to the extent this topic seeks confidential business, financial, and/or proprietary information not generally available to the public. CertainTeed also objects to this topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. See Steil, 197 F.R.D. at 444-45.**

## OBJECTIONS AND RESPONSES TO EXHIBIT B (REQUEST FOR PRODUCTION)

As a threshold matter, CertainTeed objects to these requests as not allowing sufficient time for a response under Fed. R. Civ. P. 34(a)(2)(A). See Naerebout v. IBP, Inc., Civ. A. No. 91–2254–L, 1992 WL 754399, at *14 (D. Kan. Aug. 19, 1992) (holding party could not circumvent the thirty-day window allowed to respond under Rule 34 by attaching document requests to a 30(b)(6) deposition notice).

1. All non-attorney prepared documents that were used or relied upon to prepare for this deposition and which have not already been produced in this litigation.

    **RESPONSE: Objection. CertainTeed objects to this request as being out of time.**

    **Subject to and without waiving any objections, CertainTeed intends to make available documents responsive to this request.**

2. Documents not already produced in this litigation which demonstrate or establish the topics listed in Exhibit A.

    **RESPONSE: Objection. CertainTeed objects to this request as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. CertainTeed further objects to this request as vague and ambiguous because it contains terms and phrases that are undefined and subject to varying interpretations, including, but not limited to, "which demonstrate or exhibit the topics listed in Exhibit A," and consequently, this request lacks reasonable particularity and forces CertainTeed to speculate as to the discovery being sought. CertainTeed objects to this request as being out of time.**

3. MSDS sheets for all chemicals used in the manufacturing process on the K21 line in 2010.

    **RESPONSE: Objection. CertainTeed objects to this request as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence. CertainTeed further objects to this request as overly broad and burdensome because it does not contain an adequate subject matter restriction. CertainTeed objects to this request as being out of time.**

Respectfully Submitted,

/s/ Amy M. Fowler
John R. Phillips            KS Dist. Ct. No. 70227
Amy M. Fowler             KS Bar No. 20152
Traci Daffer Martin        KS Bar No. 24284
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
(816) 983-8000 Telephone
(816) 983-8080 Facsimile
john.phillips@huschblackwell.com
amy.fowler@huschblackwell.com
traci.martin@huschblackwell.com
**Attorneys for Defendant**

# CERTIFICATE OF SERVICE

The undersigned hereby certifies on the 19th day of April, 2012, a copy of the above and foregoing was served via the Court's ECF notification upon:

AdoLisa J. Anarado
Anarado Law Firm, LLC
2300 Main Street, Suite 900
Kansas City, Missouri 64108
(816) 434-8300 Telephone
adolisa@anaradolaw.com

Dennis Egan
The Popham Law Firm
712 Broadway, Suite 100
Kansas City, MO 64105
degan@pophamlaw.com

**Attorneys for Plaintiff**

/s/ Amy M. Fowler
**Attorney for Defendant**