IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RANDALL LYKINS,

    Plaintiff,

v.                                                Case No. 11-2133-JTM-DJW

CERTAINTEED CORPORATION,
et al.,

    Defendants.

## MEMORANDUM AND ORDER

In this whistleblower retaliation action, Plaintiff claims that Defendants unlawfully terminated his employment in retaliation for reporting violations of environmental laws and regulations. This matter is before the Court on Plaintiff's Amended Motion for Leave and Extension of Time to Serve Additional Requests for Production (ECF No. 105). Plaintiff requests that the Court grant him leave to serve Plaintiff's Third Request for Production of Documents to Defendant CertainTeed Corporation ("CertainTeed"), which consists of seven additional requests for production, after the discovery deadline. The Court grants the motion in part and denies it in part. Plaintiff is granted leave and an extension of time to serve four of the proposed additional requests for production, but the requests will be limited as explained below.

**I.**    **Relevant Facts**

Plaintiff brings this cause of action for retaliatory discharge in violation of Kansas law and public policy. He claims that Defendants terminated his employment in August 2010 in retaliation for alleged reports to upper management of conduct that Plaintiff purportedly believed violated environmental laws or regulations. Plaintiff alleges in his complaint that starting in January 2010,

while he worked as a plant shift manager on the K-21 line, he noticed contaminated K-21 sump-pit water being pumped directly into the municipal sewer. Defendants deny Plaintiff's allegations and assert that Plaintiff's employment was terminated for legitimate, non-retaliatory reasons wholly unrelated to Plaintiff's alleged reports regarding environmental violations.

Under the Amended Scheduling Order (ECF No. 52), the deadline for completion of discovery was April 13, 2012. Plaintiff was required to serve any written discovery upon Defendants in time to be completed by that deadline. Plaintiff served Defendant CertainTeed with his First Requests for Production of Documents, comprised of sixty-three requests, on August 23, 2011, and his Second Request for Production of Documents on March 13, 2012. Defendant Certainteed served its objections and responses to Plaintiff's First Requests on September 26, 2011. It served its first supplemental objections and responses to Plaintiff's First Requests on January 23, 2012.

On March 27, 2012, the Court held a telephone status conference at which it granted Plaintiff's motion to take additional depositions of Defendant CertainTeed's management level employees, but limited the depositions to a maximum of two hours each. The depositions of Defendants' witnesses began March 16, 2012, and proceeded as follows:

1. March 16, 2012: Eric Schramm

2. March 21, 2012: Jeff Chevalier

3. March 23, 2012: David Stehly

4. March 29, 2012: Loretta Francis

5. April 10, 2012: Don Roberts

6. April 12, 2012: Tim Miller

At the March 27, 2012 status conference, Plaintiff also requested leave to serve additional written discovery on Defendants. The Court denied the request without prejudice, but allowed Plaintiff to file a motion for leave to serve additional written discovery with the proposed discovery requests attached to the motion. Plaintiff filed his Motion for Leave and Extension of Time to Serve Additional Requests for Production on April 13, 2012, and an Amended Motion for Leave and Extension of Time to Serve Additional Requests for Production on April 15, 2012. Plaintiff requests leave to serve his proposed seven additional requests for production after the April 13 discovery deadline based upon his learning of the need for this information only after deposing Defendants' witnesses between March 16 and April 12, 2012. Plaintiff argues that the information sought by his proposed additional discovery requests is vital to the prosecution of his case, and imposes no undue burden on Defendants.

## II.     Plaintiff's Proposed Third Requests for Production

### A.     Third Requests for Production Nos. 1 and 2

Plaintiff's proposed Third Request for Production No. 1 asks Defendant CertainTeed to produce the "complete personnel file of each and every person who worked in the shift manager position at the KCK Plant at any time from January 1, 2007 to present, including, but not limited to Jeremy Hawn, John Monroe, Cris Close, Dave Hetro, Loretta Francis, Rick Cook, and Ken Dingler." Plaintiff's proposed Third Request for Production No. 2 seeks production of the "complete personnel file of each and every person who worked in the shift supervisor position at the KCK Plant during the same period, including, but not limited to Chris Mariner, Rod Serzyski, and James Wooten." With this discovery, Plaintiff is seeking to establish whether he was evaluated differently than similarly-situated employees because he reported violations of environmental laws and regulations.

Furthermore, Plaintiff argues that he was not aware of the potentially differential evaluation of similarly-situated employees until the depositions, which were taken after his deadline to serve written discovery requests.

Defendant CertainTeed opposes Plaintiff's motion, arguing that Plaintiff has failed to show good cause for allowing additional requests for production after discovery has closed. CertainTeed also objects to Plaintiff's proposed Requests Nos. 1 and 2, which seek the complete personnel files of all shift managers and shift supervisors who worked at the plant at any time from January 1, 2007 to present. Defendant CertainTeed argues that the requests are temporally overbroad and that Plaintiff could have easily asked for such information before the discovery deadline. Specifically, Certainteed argues that comparing a plaintiff to similarly-situated employees is a routine method used to show pretext in this type of case.

Plaintiff fails to convince the Court that he should be granted leave to serve requests for the complete personnel files of every person who worked in the shift manager and shift supervisor positions from January 1, 2007 to present. Plaintiff could have timely requested production of the personnel files of shift managers and supervisors before the discovery deadline. He has not explained why these could not have been requested earlier. As for Plaintiff's proposed requests for personnel files of specific shift managers and supervisors, Plaintiff claims that he first learned of information regarding differential evaluation of similarly-situated shift managers and shift supervisors only after the depositions. Because Plaintiff claims that he first learned of differential evaluation of specific employees during the depositions occurring on March 16 and later, Plaintiff has shown good cause to allow him to serve discovery requests for these specific shift managers and supervisors after the discovery deadline. The Court will therefore limit Third Request for Production

No. 1 to the complete personnel files of shift managers Jeremy Hawn, John Monroe, Cris Close, Dave Hetro, Loretta Francis, Rick Cook, and Ken Dingler.  The Court will limit Third Request for Production No. 2 to the complete personnel files of shift supervisors Chris Mariner, Rod Serzyski, and James Wooten.

### B.     Third Request for Production No. 3

Plaintiff's proposed Third Request for Production No. 3 seeks "all email communications between Eric Schramm, KCK Plant manager, and Kermit Stahl, CertainTeed Vice President, from May 1, 2010 to present."  Plaintiff asserts that during the March 16, 2012 deposition of Mr. Schramm, he learned that Mr. Schramm was required to obtain authorization from Mr. Stahl for any repairs over $10,000.  Plaintiff argues that the emails between Mr. Schramm and Mr. Stahl are necessary to determine whether Mr. Schramm communicated with Mr. Stahl about the environmental issues at the Plant and the costs associated with correcting the problems.  Plaintiff further argues that such emails are vital to the prosecution of this case because they may show a basis for retaliatory termination.

Defendant CertainTeed opposes Plaintiff's request for leave to serve this discovery request. It argues that Plaintiff's request for all email communications between Mr. Schramm and Mr. Stahl is overbroad in that it does not limit production to emails relating to Plaintiff or his claims. Defendant also states that it has already produced emails between Mr. Schramm and Mr. Stahl from January 1, 2008 to December 31, 2010 responsive to Plaintiff's prior discovery requests.

Plaintiff has shown good cause for why he did not serve his request before the discovery deadline.  The Court, therefore, grants Plaintiff's request for leave to serve Third Request for Production No. 3 seeking emails between Mr. Schramm and Mr. Stahl.  Plaintiff's request as

currently proposed, however, is facially overbroad in that it requests all emails between Mr. Schramm and Mr. Stahl without limitation to Plaintiff, Plaintiff's claims, or conversations relating to Plaintiff's reports and the costs associated with correcting the purported problems. The Court will therefore limit Third Request for Production No. 3 to any email communications, not already produced, between May 1, 2010 and August 17, 2010 relating to Plaintiff, Plaintiff's claims, and conversations between Mr. Schramm and Mr. Stahl relating to Plaintiff's reports and the costs associated with correcting the purported problems.

### C.     Third Request for Production No. 4

Plaintiff's proposed Third Request for Production No. 4 asks CertainTeed to produce documents "describing, depicting, and related to the Plant's budget and expenditures in 2010." The only argument Plaintiff offers for Request No. 4 is that he will suffer undue prejudice if the request is denied.

Defendant CertainTeed opposes allowing Plaintiff to serve his request for documents "describing, depicting, and related to" its budget because the request is overbroad. CertainTeed argues that Plaintiff's request seeks any document pertaining to the budget rather than those documents related to Plaintiff, his claims, and the cost of water and sewer use. Furthermore, CertainTeed argues that it has already produced hundreds of pages of documents showing the plant's budget to the extent it relates to the cost of water and sewer use.

Plaintiff has not shown good cause for serving his proposed Third Request for Production No. 4 after the discovery deadline. He also fails to convince the Court that he will suffer undue prejudice if his request is denied. The Court finds that Plaintiff's request for documents describing, depicting, and related to the Plant's budget and expenditures in 2010 is overbroad. Plaintiff in no

way limits his request to those documents relating in some way to his claims. Moreover, Plaintiff does not argue that concern about the budget arose only after his depositions of Defendant's witnesses. Thus, Plaintiff's request for documents relating to budget could have been made before the discovery deadline. Plaintiff's request for leave to serve Third Request for Production No. 4 is denied.

### D.     Third Request for Production No. 5

Plaintiff's proposed Third Request for Production No. 5 asks Defendant CertainTeed to produce "MSDS sheets for all chemicals used in the manufacturing process on the K21 line in 2010." In his First Request for Production No. 41, Plaintiff asked Defendant CertainTeed to produce "all Material Safety Data Sheets ("MSDS") sheets for the KCK Plant." CertainTeed objected to the request in both its September 26, 2011 response and January 23, 2012 supplemental response to First Request No. 41. Plaintiff now argues that he will suffer undue prejudice if he is not granted access to the MSDS sheets because they identify, and explain the dangers of, the chemicals that go into the K21 sump pit at issue. Plaintiff argues that the MSDS sheets are essential to proving the reasonableness of his beliefs that CertainTeed was violating environmental laws by dumping K21 sump pit water into the municipal sewer.

Defendant Certainteed opposes Plaintiff's request for leave to serve a request for production seeking MSDS sheets on the grounds that Plaintiff failed to timely file a motion to compel additional documents after Defendant produced documents responsive to Plaintiff's First Request No. 41 on January 6, 2012, including MSDS sheets related to the fiberglass insulation produced at the plant. CertainTeed argues that if Plaintiff thought the documents produced were insufficient, Plaintiff should have filed a motion to compel additional documents responsive with respect to his First

Request No. 41. CertainTeed further argues that Plaintiff should not be allowed to serve another request for production seeking the same MSDS documents.

The Court denies Plaintiff's request for leave to serve proposed Third Request for Production No. 5 seeking MSDS sheets for all chemicals used in the manufacturing process on the K21 line in 2010. After CertainTeed objected to Plaintiff's First Request No. 41 seeking all MSDS sheets for the KCK Plant, Plaintiff should have timely filed a motion to compel additional documents responsive to his request.[1] Plaintiff had the opportunity to move to compel such additional documents and simply failed to do so. Therefore, Plaintiff may not now serve additional requests for production seeking the MSDS sheets for all chemicals used in the manufacturing process on the K21 line in 2010. Plaintiff's request for leave to serve his proposed Third Request for Production No. 5 is denied.

### E.     Third Request for Production No. 6

Plaintiff's proposed Third Request for Production No. 6 seeks "all documents that comprise the Plant's ISO 14001 environmental management system, including a complete list of all documents in the system." Plaintiff argues that the documents sought consist of internal environmental policies and procedures. Plaintiff also asserts that he did not know the documents existed until Defendant's witness, Loretta Francis, testified about them on March 29, 2012.

Defendant CertainTeed argues that it has already produced relevant documents from its ISO 14001 system. It also disputes Plaintiff's claim that he first learned of the existence of the documents only after deposing Loretta Francis, because Plaintiff already asked for and received such

---

[1] *See* Fed. R. Civ. P. 37(a) advisory committee's note (1993 Amendment) (incomplete disclosure is to be treated as failure to disclose or respond, upon which the requesting party may file a motion to compel disclosure).

documents. Additionally, Defendant argues that there is no reason to produce all documents in the system because Plaintiff's alleged complaints were only about Certainteed's use of the Godwin pump and storage and disposal of EP pellets.

Plaintiff fails to show good cause for serving his proposed Third Request for Production No. 6 after the discovery deadline. He also fails to convince the Court that there is a reasonable basis for allowing him to serve a request for all documents that comprise the Plant's ISO 14001 environmental system. Plaintiff's request is not reasonably limited to documents relating to Plaintiff or his claims, nor is his request limited to the documents relating to the K21 line. His proposed request is therefore overbroad. Plaintiff's request for leave to serve his proposed Third Request for Production No. 6 is denied.

### F.     Third Request for Production No. 7

Plaintiff's proposed Third Request for Production No. 7 seeks production of the Plant's 2010 shift schedule. The only argument Plaintiff offers for this request is that it would not be unduly burdensome on Defendant. Defendant, however, argues that scheduling information could have easily been requested before the discovery deadline.

While Plaintiff certainly could have requested the 2010 Shift Schedule before the discovery deadline, the Court is persuaded by Plaintiff's argument that this request would not be unduly burdensome on the Defendant. Moreover, because depositions of Defendants' witnesses did not occur until after the deadline, the Court finds that Plaintiff may reasonably have learned of the importance of the shift schedule only after the depositions. For these reasons, the Court grants Plaintiff's request for leave to serve Third Request for Production No. 7.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Amended Motion for Leave and Extension of Time to Serve Additional Requests for Production (ECF No. 105) is granted in part and denied in part, as set forth above. Plaintiff is hereby granted leave to serve his proposed Third Requests for Production Nos. 1, 2, 3, and 7, modified to comply with the limitations set forth herein. Plaintiff shall serve his revised Third Requests within ten (10) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED THAT** Plaintiff's request for a hearing to address this motion is denied.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion for Leave and Extension of Time to Serve Additional Requests for Production (ECF No. 103) is found to be moot by the filing of Plaintiff's Amended Motion.

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2012 at Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge
