## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RANDALL LYKINS,**

        **Plaintiff,**

**v.**                              **Civil Action No. 11-2133-JTM**

**CERTAINTEED CORPORATION and
SAINT-GOBAIN CORPORATION,**

        **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court are Plaintiff's Motions to Compel Testimony and Production of Documents from 30(b)(6) Witness of Defendant CertainTeed Corporation (ECF No. 115) and Defendant Saint-Gobain Corporation (ECF No. 123). Plaintiff requests an order under Fed. R. Civ. P. 37 compelling Defendants to each produce a corporate witness to testify and produce documents pursuant to Plaintiff's notices for Rule 30(b)(6) depositions ("CertainTeed Notice" and "Saint-Gobain Notice"). At issue are Defendants' objections to six topics in the CertainTeed Notice and two topics in the Saint-Gobain Notice. Also at issue are Defendants' objections to Plaintiff's requests for documents served as part of each notice. For the reasons set forth below, Plaintiff's motions are granted in part and denied in part.

### I.      Background

Plaintiff brings this cause of action for retaliatory discharge in violation of Kansas law and public policy. He claims that Defendants terminated his employment in August 2010 in retaliation for alleged reports to upper management of conduct that Plaintiff purportedly believed violated environmental laws or regulations. Plaintiff alleges in his complaint that starting in

January 2010, while he worked as a plant shift manager on the K21 line, he noticed contaminated K21 sump-pit water being pumped directly into the municipal sewer.  Defendants deny Plaintiff's allegations and assert that Plaintiff's employment was terminated for legitimate, non-retaliatory reasons wholly unrelated to Plaintiff's alleged reports regarding environmental violations.

On October 7, 2011, Plaintiff served Defendant CertainTeed Corporation ("CertainTeed") with a Rule 30(b)(6) notice of deposition (ECF No. 35).  The notice asked CertainTeed to produce a corporate representative to testify as to 7 topics relating to business issues, 14 topics about human resources, 13 topics on environmental compliance and occupational safety, and 4 topics on the K21 line at the Kansas City, Kansas ("KCK") plant.  The notice also asked CertainTeed to produce documents responsive to three requests for production.  CertainTeed filed its objections and responses to the notice topics on October 21, 2011 (ECF No. 39).  The initial notice set the deposition on October 25, 2011.  Because CertainTeed's corporate representatives were unavailable for the date selected, the deposition did not take place.  The parties then attempted to find a mutually agreeable date for the deposition.  On March 13, 2012, Plaintiff served an amended Rule 30(b)(6) notice of deposition on CertainTeed (ECF No. 72).  On April 11, 2012, Plaintiff served his Second Amended Rule 30(b)(6) Notice on CertainTeed (ECF No. 91).  CertainTeed served its objections and responses to Plaintiff's Second Amended Rule 30(b)(6) Notice on April 19, 2012 (ECF No. 113).  CertainTeed designated Mr. Dave Stehly and Mr. Ron Rodvelt as Rule 30(b)(6) witnesses pursuant to Plaintiff's notice.  Plaintiff deposed Mr. Stehly on March 23, 2012, and Mr. Rodvelt on April 20 and May 3, 2012.  During the April 20, 2012 deposition, counsel for CertainTeed objected to certain topics and instructed Mr. Rodvelt not to answer questions pertaining to those topics.

- 2 -

On March 13, 2012, Plaintiff also served a Rule 30(b)(6) notice of deposition on Defendant Saint-Gobain Corporation ("Saint-Gobain") (ECF No. 73).[1]  The notice asked Saint-Gobain to produce a representative to testify as to each of the following six topics: historical overview and general background information; corporate structure; operational structure; financial status; Saint-Gobain's relationship with CertainTeed; and employee payroll.  The notice also asked Saint-Gobain to produce documents responsive to two requests for production.  On April 2, 2012, Defendant Saint-Gobain served its objections to Plaintiff's Rule 30(b)(6) notice (ECF No. 88).  Defendant Saint-Gobain did not produce a Rule 30(b)(6) witness.[2]

Plaintiff's motion as the CertainTeed Notice seeks an order compelling CertainTeed to produce a Rule 30(b)(6) witness to testify on six topics for the period 2007 to the present. The disputed topics include:  CertainTeed's financial status; identification of Occupational Safety and Health Administration ("OSHA") regulations applicable to the K21 line's wastewater disposal and disposal of EP Pellets, and CertainTeed's compliance with those regulations; identification of all MSDS Sheets applicable to the K21 line; explanation of CertainTeed's policies and procedures regarding the MSDS Sheets applicable to the K21 line; and the reasons for shut down of the K21 line and the identity of decision-makers.

CertainTeed asserted several objections to these topics.  It objected that the topics seek irrelevant information.  It also objected that the topics are vague and ambiguous, overly broad, and unduly burdensome in that they fail to describe the testimony sought with reasonable particularity or the topics contain inadequate temporal limitations.  Certainteed also objected that the information sought by the topics is confidential business, financial and/or proprietary

---

[1] This was the first Rule 30(b)(6) notice served on Defendant Saint-Gobain Corporation.

[2] Saint-Gobain Mem. Opp'n (ECF No. 133) at 6.

information not available to the public, and some of the topics are premature.

Plaintiff's motion as to the Saint-Gobain Notice seeks an order compelling Saint-Gobain to designate a corporate witness to testify on the following three topics concerning Saint-Gobain's operational structure and financial status:  Saint-Gobain's involvement with the KCK plant and K21 line; Saint-Gobain's policy and/or procedure for setting production requirements and budget for KCK plant and K21 line; and Saint-Gobain's financial status. Saint-Gobain objected to these topics on the grounds of confidentiality, relevancy, vagueness/ambiguity, overbreadth, and undue burden.  Saint-Gobain also objected to Topic No. 4 as premature.  Based upon its objections to the noticed topics, Saint-Gobain did not produce a Rule 30(b)(6) witness.

Plaintiff's motions also seek to compel Defendants CertainTeed and Saint-Gobain to produce documents sought by Request for Production of Documents Nos. 1 and 2,[3] which seek the following documents:

Request No. 1: All non-attorney prepared documents that were used or relied upon to prepare for this deposition and which have not already been produced in this litigation; and

Request No. 2: Documents not already produced in this litigation which demonstrate or establish the topics listed in [Plaintiff's 30(b)(6) deposition notices].[4]

Plaintiff also served a Request No. 3 on Defendant CertainTeed seeking "MSDS sheets for all chemicals used in the manufacturing process on the K21 line in 2010."[5]  Defendants object to each of the requests.

_____

[3] Requests Nos. 1 and 2 are identical for both the CertainTeed motion and the Saint-Gobain motion.

[4] *Id.* at 5.

[5] Pl.'s Second Am. Notice 30(b)(6) Dep. CertainTeed at 7.

## II.     Defendants' Actions in Instructing Rule 30(b)(6) Witness Not to Answer and Failing to Produce a Designated Rule 30(b)(6) Representative

As an initial matter, the Court addresses Defendants' actions after filing their formal objections to the Rule 30(b)(6) deposition notices served by Plaintiff.  After being served with Rule 30(b)(6) deposition notices, Defendants both served their respective objections to the noticed topics.  Defendant Certainteed then proceeded to produce its designated witnesses for deposition.  When one of those witnesses was asked questions pertaining to the disputed topics, counsel for Certainteed instructed the witness not to answer based upon its objections to the topics.  Saint-Gobain did not produce a representative at all.  Neither Certainteed nor Saint-Gobain moved for a protective order to limit the scope of the Rule 30(b)(6) deposition topics. Plaintiff thereafter filed the present motion to compel Defendants to produce a corporate witness to testify to the disputed notice topics.

While the Federal Rules of Civil Procedure governing interrogatories, requests for production, and requests for admission have provisions allowing a party to serve objections,[6] Rule 30 has no corresponding provision and is silent on the issue of objections to Rule 30(b)(6) deposition topics *before* a deposition occurs.  Rule 30 only explicitly provides for objections made *during* the deposition.[7]   Rule 30(c)(2) further restricts when the deponent may be instructed not to answer.  "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation order by the court, or to present a motion under

---

[6] *See* Fed. R. Civ. P. 33(b)(4), 34(b)(2), and 36(a)(6).

[7] *See* Fed. R. Civ. P. 30(c)(2) ("An objection *at the time of* the examination . . . ."); Fed. R. Civ. P. 30(d)(3) ("At any time *during* a deposition, the deponent or a party may move to terminate or limit it . . . .").

Rule 30(d)(3)."[8]  Defendant Certainteed thus was prohibited from instructing its Rule 30(b)(6)

witness not to answer Plaintiff's questions pertaining to the disputed deposition topics.  The only

action available to it under the Federal Rules of Civil Procedure was to move for a protective

order under Rule 26(c), move to limit the scope of the deposition under Rule 30(d), or move to

limit the extent of discovery under Rule 26(b)(1)(C).  Certainteed will therefore be sanctioned

for its actions in instructing its Rule 30(b)(6) witnesses not to answer based upon its objections to

the noticed topics.  Certainteed shall pay Plaintiff's reasonable expenses and costs for

reconvening its Rule 30(b)(6) depositions.

As to Defendant Saint-Gobain, it was not permitted to rely upon its formal objections to

the Rule 30(b)(6) deposition notice in failing to produce a corporate representative to testify as to

the notice.  Under Rule 37(d)(2), a failure to appear at a properly noticed deposition "is not

excused on the ground that the discovery was objectionable, unless the party failing to act has a

pending motion for protective order under Rule 26(c)."  Thus, because Saint-Gobain had not

filed a motion for a protective order, its failure to produce a corporate witness to testify based

upon its objections to the noticed topics was not excused.  Saint-Gobain will therefore be

sanctioned for its actions in failing to appear for its Rule 30(b)(6) deposition.  Saint-Gobain shall

pay Plaintiff's reasonable expenses and costs for reconvening its Rule 30(b)(6) deposition.

Although Defendants cannot rely upon their formal objections to the noticed Rule

30(b)(6) topics to either (1) instruct their designated witness not to answer specific deposition

questions on the disputed topic or (2) as an excuse for failing to produce a designated witness

altogether, they can, however, rely upon their formal objections to the noticed Rule 30(b)(6)

---

[8] Fed. R. Civ. P. 30 (c)(2).

topics in moving for a protective order under Rule 26(c) or 30(d), filing a motion to limit discovery under Rule 26(b)(1)(C), or opposing a motion to compel deposition testimony filed pursuant to Rule 37(a).  Some courts have prohibited parties from resisting deposition topics in this manner.[9]  This Court, however, has held that a motion for a protective order is not the sole remedy for a party challenging a Rule 30(b)(6) deposition notice.[10]  Rather, because irrelevancy is not one of the enumerated grounds for a protective order under Rule 26(c), this Court has held that "the validity of [an objection to a Rule 30(b)(6) deposition notice on grounds of overbreadth or irrelevancy] should be considered in the context of a motion to compel."[11]  The Court will therefore consider the merits of Defendants' objections to the noticed topics in opposing Plaintiff's motions to compel.

## III.   The CertainTeed Rule 30(b)(6) Notice

Plaintiff's motion seeks an order compelling CertainTeed to produce a corporate witness to testify on the following six[12] topics:

Business Issues Topic No. 5: CertainTeed's financial status (2007 – present): (a) [p]ublicly traded; (b) net worth;

---

[9] *See New England Carpenters Health Benefits Fund v. First Databank, Inc.* 242 F.R.D. 164, 165–166 (D. Mass. 2007) ("What is not proper practice is to refuse to comply with the notice, put the burden on the party noticing the deposition to file a motion to compel, and then to justify non-compliance in opposing the motion to compel."); *United States v. Health Alliance of Greater Cincinnati*, No. 1:03-cv-167, 2009 WL 5227661, at *2 (S.D. Ohio Nov. 20, 2009) (noting that the defendant's motion to compel could have been granted based upon the plaintiff's failure to file a motion for protective order under Rule 26(c) prior to its refusal to produce a Rule 30(b)(6) deponent).

[10] *Sprint Commc'ns Co., L.P. v. Vonage Holdings Corp.*, No. 05-2433-JWL-DJW, 2007 WL 2333356, at *2 (D. Kan. Aug. 15, 2007).

[11] *Id.*

[12] Plaintiff's motion contained seven topics, but in his reply to CertainTeed's response, Plaintiff abandoned his motion as to Environmental Compliance Topic No. 6, which sought testimony regarding audits of CertainTeed's environmental practices.

Environmental Compliance Topic No. 10: Identification of OSHA regulations applicable to the K21 line's wastewater disposal and CertainTeed's compliance with those regulations (2007 – present);

Environmental Compliance Topic No. 11: Identification of OSHA regulations applicable to disposal of EP Pellets and CertainTeed's compliance with those regulations (2007 – present);

Environmental Compliance Topic No. 12: Identification of all MSDS Sheets applicable to the K21 line (2007 – present);

Environmental Compliance Topic No. 13: Explanation of [CertainTeed's] policies and procedures regarding MSDS Sheets applicable to the K21 line (2007 – present); and

K21 Line Topic No. 4: Reasons for shut down of K21 line and [identity] of decision–maker(s).[13]

In response to Business Issues Topic No. 5, CertainTeed asserts numerous objections. It objects to the topic as seeking confidential business, financial, and/or proprietary information not generally available to the public. It further objects to the topic as seeking irrelevant information and/or as not being reasonably calculated to lead to the discovery of admissible evidence, or at least premature, as Plaintiff has not established a case for punitive damages. It further objects to the topic as vague and ambiguous, overly broad, and unduly burdensome in that it fails to describe the testimony sought with reasonable particularity and forces it to speculate as to the discovery being sought. CertainTeed also objects to the topic as overly broad and burdensome because it does not contain an adequate temporal restriction.

CertainTeed asserts similar relevancy, vague and ambiguous, overly broad, and unduly burdensome objections in response to Plaintiff's Environmental Compliance Topics No. 10-13. CertainTeed also objects to these topics on grounds that each lacks adequate subject matter limitation. With regard to K21 Line Topic No. 4, CertainTeed objects to the topic as seeking irrelevant information, as well as confidential business, financial, and/or proprietary information

_____

[13] Pl.'s Second Am. Notice 30(b)(6) Dep. CertainTeed (ECF No. 91) at 4, 6.

not generally available to the public.

## A.     Confidentiality Objections

Defendant CertainTeed objects to Business Issues Topic No. 5 and K21 Line Topic No. 4 because they seek confidential business, financial, and/or proprietary information not generally available to the public.   Plaintiff asserts that CertainTeed's objection should be overruled because the protective order in the case adequately addresses any concerns regarding the confidentiality of CertainTeed's information.   In its response to Plaintiff's motion to compel, CertainTeed does not reassert its confidentiality objection to either topic, nor does CertainTeed respond to Plaintiff's arguments against this objection.   In light of this, the Court deems CertainTeed to have waived this objection.  Even if it were not waived, though, the Court would overrule the objection.  "A concern for protecting confidentiality does not equate to privilege."[14] While a confidentiality objection may be appropriate when a party seeks a protective order limiting the parties' use or disclosure of confidential information, it is generally not a valid objection for withholding discovery altogether.[15] If confidentiality is a concern, a respondent's interest in the nondisclosure and confidentiality of its financial records can usually be adequately protected by a protective order.[16]  The Confidentiality Agreement and Protective Order (ECF No. 51) entered in this case has adequate provisions for the protection of any confidential business, financial and/or proprietary information disclosed by the parties. CertainTeed's objections to the topics based upon the confidential nature of the information sought are therefore overruled.

---

[14] *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2011 WL 4008009, at *2 (D. Kan. Sept. 9, 2011).

[15] *Id.*

[16] *Wichita Fireman's Relief Ass'n v. Kansas City Life Ins. Co.*, No. 11-1029-KGG, 2011 WL 6304129, at *8 (D. Kan. Dec. 16, 2011).

## B.       Relevancy Objections

Defendant CertainTeed objects to each of the disputed topics in the CertainTeed Rule 30(b)(6) Notice on the grounds that the information sought is irrelevant and/or not reasonably calculated to lead to discovery of admissible evidence.  At the discovery stage of litigation, "[r]elevancy is broadly construed . . . and a request for discovery should be considered relevant if there is *any possibility* the information sought may be relevant to the subject matter of the action."[17]  Thus, if the discovery sought appears facially relevant, then the burden shifts to the party resisting discovery to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad discovery.[18]  Under this standard, "[t]he party opposing discovery cannot simply make conclusory allegations that the request is irrelevant, but must specifically show *how* each discovery request is irrelevant. . . . [The opposing party has] the burden to support [its] objections by providing explanation or factual support."[19]  The Court will now consider each of CertainTeed's relevancy objections under this standard.

### 1.       Business Issues Topic No. 5 (Financial Status)

Business Issues Topic No. 5 of the CertainTeed Notice seeks testimony relating to

---

[17] *Continental Coal, Inc. v. Cunningham*, No. 06-2122-KHV, 2007 U.S. Dist. LEXIS 87780, at *7 (D. Kan. Nov. 28, 2007) (citing *Smith v. MCI Telecomms. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991))(emphasis added); *see also Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001) (citations omitted).

[18] *Continental Coal*, 2007 U.S. Dist. LEXIS 87780 at *8–9 (citations omitted).

[19] *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 625962, at *3 (D. Kan. Oct. 5, 1995) (emphasis added).

CertainTeed's financial status from 2007 to the present, specifically CertainTeed's net worth and whether it is publicly traded.  CertainTeed objects to this topic as seeking irrelevant information and/or is not reasonably calculated to lead to the discovery of admissible evidence.  CertainTeed also objects to this topics as premature at this stage of the litigation because the information is only necessary for the issue of punitive damages, which can only be determined if a judgment is entered against CertainTeed.

Plaintiff, however, claims this information is directly relevant not only to the issue of punitive damages, but also to the issue of the company's financial ability to keep up with its environmental obligations. Plaintiff points to an email in which "an inspector for an environmental government agency concluded that CertainTeed's financial problems may have caused the company to stop caring about their environmental obligations . . . ."[20]  CertainTeed argues that Plaintiff's proffered reasons for requesting such testimony—CertainTeed's financial ability to keep up with its environmental obligations and the KCK plant manager's motive for being hostile to potentially-costly environmental compliance measures—are ad hoc and speculative at best.  The Court disagrees and finds that Plaintiff has sufficiently shown the relevance of the topic to his claims.  Accordingly, the Court overrules CertainTeed's relevancy objection to Business Issues Topic No. 5.

Likewise, the Court also overrules CertainTeed's related objection that the information sought by Business Issues Topic No. 5 is premature.  CertainTeed contends that the only reason information regarding its financial status would be necessary is for the issue of punitive damages, and states its intent to move to bifurcate the issue of punitive damages.  CertainTeed is

---

[20] Pl.'s Mem. Supp. CertainTeed Mot. at 7.

correct that courts in this district have, in some instances, upheld objections that discovery of financial information relevant to a punitive damages claim is premature at this stage in the litigation.[21]   The Court, however, disagrees with CertainTeed's contention that the only reason the requested financial information would be necessary is for Plaintiff's punitive damages claim. Plaintiff has sufficiently shown the relevance of the requested information to more than just the issue of punitive damages.  Because the information sought is facially relevant to more than just the issue of punitive damages, CertainTeed's "premature" objection fails.  Whether CertainTeed moves to bifurcate the issue of punitive damages, the information sought regarding its financial status is relevant to its financial ability to keep up with its environmental obligations.  As such, the information is discoverable at this stage in the litigation.  Accordingly, the Court overrules CertainTeed's prematurity objection to Business Issues Topic No. 5.

### 2. Environmental Compliance Topics No. 10 and 11 (OSHA Regulations)

Environmental Compliance Topics No. 10 and 11 of the CertainTeed Notice seeks testimony identifying OSHA regulations applicable to the K21 line's wastewater disposal and disposal of EP Pellets, and CertainTeed's compliance with those regulations during the period from 2007 to the present.  Plaintiff contends that the information is directly relevant because the wastewater at issue first comes into contact with employees at the KCK plant before leaving the facility and coming into contact with the environment. Plaintiff further asserts that CertainTeed's

---

[21] *See McCloud v. Bd. Of Geary Cnty. Comm'rs*, No. 06-1002-MLB-DWB, 2008 WL 1743444, at *5 (D. Kan. Apr. 11, 2008); *Learjet Inc. v. MPC Prods. Corp.*, No. 05-1074-MLB-DWB, 2007 WL 2287836, at *5–6 (D. Kan. Aug. 8, 2007); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 950282, at *14 (D. Kan. Apr. 9, 2007); *but cf. Roberts v. Shawnee Mission Ford, Inc.*, No. 01-2113-CM, 2002 WL 1162438, at *3-4 (D. Kan. Feb. 7, 2002)(overruling prematurity objection and denying motion to reconsider previous order compelling disclosure of financial information because defendant did not show plaintiff's punitive damages claim was spurious).

own hazardous waste expert "testified that it is primarily OSHA regulations rather than EPA environmental regulations that govern how a company should handle hazardous substances at their facility."[22]

Defendant CertainTeed contends that its compliance with OSHA regulations has never been at issue in the case and Plaintiff has failed to previously allege noncompliance with OSHA regulations. CertainTeed also contends that compliance with environmental laws and compliance with laws regarding occupational health and safety are distinct topics.  The Court, however, finds that the information sought by Environmental Compliance Topics No. 10 and 11 is relevant on its face. Contrary to CertainTeed's contentions, Plaintiff is not required to plead with such specificity as to indicate each and every violation that occurred.  Nor is Plaintiff required to plead the source of each and every law or regulation violated.  Plaintiff has alleged with sufficient specificity that CertainTeed mishandled toxic substances in violation of environmental laws or regulations.  "[I]n many cases the issues will not be clearly defined at the time discovery is sought, and one of the purposes of discovery is to identify and narrow the issues."[23] Precluding Plaintiff from conducting discovery simply because he did not plead the source of each and every law or regulation violated would heighten the pleading standard beyond the already heightened standard of *Iqbal*[24] and *Twombly*.[25]  Thus, if CertainTeed is to succeed on its relevancy objection, it must establish the lack of relevance by *demonstrating* that the requested

---

[22] Pl.'s Reply Mem. Supp. CertainTeed Mot. (ECF No. 137) at 5.

[23] 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2008 at 126 (3d ed. 2010).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[25] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

discovery does not come within the scope of relevance as defined in Rule 26(b)(1) or that it is of such marginal relevance that the potential harm of permitting discovery would outweigh the presumption in favor of broad discovery.  The Court finds that CertainTeed has not demonstrated either of the above alternatives.  The Court therefore overrules CertainTeed's relevancy objection to Environmental Compliance Topics No. 10 and 11.

### 3.  Environmental Compliance Topics No. 12 and 13 (MSDS Sheets)

Environmental Compliance Topics No. 12 and 13 of the CertainTeed Notice seek testimony identifying all Material Safety Data Sheets ("MSDS sheets") applicable to the K21 line and explaining CertainTeed's policies and procedures regarding the applicable MSDS sheets.  CertainTeed objects to both topics as irrelevant because CertainTeed has already produced "hundreds of pages with chemical analysis"[26] performed by a third-party company. CertainTeed, however, also states that such sheets are a "list of chemicals CertainTeed keeps on-site . . . ."[27]  Plaintiff contends that the MSDS sheets provide a detailed description of a chemical substance's toxicity, health dangers, and physical characteristics.  Plaintiff further contends that nothing CertainTeed has produced so far provides the information he seeks.  Specifically, Plaintiff asserts that "[t]he analytical tests conducted on the Plant's wastewater only tested for a handful of parameters and did not address toxicity."[28]

The Court finds that the MSDS sheets are facially relevant to Plaintiff's claims.  Plaintiff has alleged sufficient facts to establish the relevance of the MSDS information to his claims. The burden, then, is on CertainTeed to establish the lack of relevance by demonstrating that the

---

[26] CertainTeed Mem. Opp'n (ECF No. 125) at 8.

[27] *Id.*

[28] Pl.'s Reply Mem. Supp. CertainTeed Mot. at 6.

requested discovery does not come within the scope of relevance as defined in Rule 26(b)(1) or that it is of such marginal relevance that the potential harm of permitting discovery would outweigh the presumption in favor of broad discovery. CertainTeed has not made such a showing. CertainTeed's production of documents relating to third-party tests performed on the wastewater does not diminish the *relevance* of the MSDS sheets or the information contained therein. CertainTeed's relevancy objections to Environmental Compliance Topics No. 12 and 13 are therefore overruled.

### 4.      K21 Line Topic No. 4 (Reasons for Shutting Down K21 Line)

K21 Line Topic No. 4 of the CertainTeed Rule 30(b)(6) Notice seeks testimony identifying CertainTeed's reasons for shutting down the K21 line and the person(s) who made that decision. Plaintiff argues that this information is relevant to the propriety of Plaintiff's environmental complaints. Plaintiff asserts that "[d]iscovery revealed that about two weeks after Plaintiff's termination, the [p]lant attempted to curtail the use of the Godwin pump. Discovery also revealed that the KCK [p]lant has been cited for several environmental violations since 2010."[29] Plaintiff argues that he should be able to discover whether there is any correlation between his alleged reports of environmental violations and the shutdown of the K21 line.

CertainTeed argues this topic is irrelevant to Plaintiff's allegations of retaliatory discharge because it decided to shut down the K21 line over a year and a half after discharging Plaintiff. CertainTeed further objects to this topic on the ground that even if there were a correlation between the line shutdown and Plaintiff's allegations, which CertainTeed denies, the shutdown would be inadmissible as a subsequent remedial measure. Plaintiff contends that the

---

[29] Pl.'s Mem. Supp. CertainTeed Mot. at 14.

appropriate standard to apply at this point in the litigation is the standard for relevance, not the standard for admissibility of evidence.  Plaintiff further contends that even if the shutdown was a subsequent remedial measure, Federal Rule of Evidence 407 permits admission of such measures for the purposes of impeachment and proving feasibility of precautionary measures.

Plaintiff is correct that the appropriate standard at this point of the litigation is not the standard for relevancy of evidence proffered for admission at trial.  "The question of relevancy naturally is to be more loosely construed at the discovery stage than at the trial."[30]  "Rule 26(b) unambiguously sets forth that admissibility is not the standard for discovery."[31]  In fact, Rule 26(b) explicitly provides that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[32]  At this stage in the litigation, "[q]uestions of admissibility are best left until trial."[33]

Based on its review of the parties' arguments and the applicable relevancy standard, the Court finds that K21 Line Topic No. 4 is relevant to Plaintiff's claims, and is reasonably calculated to lead to the discovery of admissible evidence.  Defendant CertainTeed has not met its burden to demonstrate that the requested discovery does not come within the scope of relevance as defined in Rule 26(b)(1), or that it is of such marginal relevance that the potential harm of permitting discovery would outweigh the presumption in favor of broad discovery.  Accordingly, the Court overrules CertainTeed's relevancy objection to K21 Line Topic No. 4.

---

[30] *Tilley v. Equifax Info. Servs., LLC*, 245 F.R.D. 717, 719 (D. Kan. 2007) (internal quotation marks and citation omitted).

[31] *Leighr v. Beverly Enters.-Kan., Inc.*, 164 F.R.D. 550 (D. Kan. 1996).

[32] Fed. R. Civ. P. 26(b)(1).

[33] 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2008 at 145–146 (3d ed. 2010).

## C.      Vagueness/Ambiguity, Overbreadth, and Undue Burden Objections

CertainTeed's remaining objections to Business Issues Topic No. 5 and Environmental Compliance Topics No. 10–13 allege that the topics are overbroad, and therefore unduly burdensome, because they either fail to describe the testimony sought with reasonable particularity (vague/ambiguous) or lack adequate temporal or subject matter limitations.  Fed. R. Civ. P. 30(b)(6) provides that a party seeking to depose a corporate entity "must describe with reasonable particularity the matters for examination."[34]  A request for discovery, however, is not necessarily overly broad or unduly burdensome simply because it is unlimited in time and scope.[35]  A party resisting discovery as overbroad or unduly burdensome has the burden to show the validity of its objections.[36]  To do so, the resisting party must "show facts justifying [its] objection by demonstrating that the time or expense involved in responding to the requested discovery is unduly burdensome."[37]

As a preliminary matter, the Court finds that Plaintiff has described the testimony sought with reasonable particularity, and therefore overrules CertainTeed's objections to Business Issues Topic No. 5 and Environmental Compliance Topics No. 10–13 on the grounds of vagueness and/or ambiguity. Moreover, CertainTeed failed to reassert its vagueness/ambiguity objections or respond to Plaintiff's contentions that he has described the testimony sought with reasonable particularity. Because CertainTeed has not reasserted its vagueness/ambiguity

---

[34] Fed. R. Civ. P. 30(b)(6).

[35] *Cf. Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997) (stating that an interrogatory that is unlimited in time and scope is not necessarily overbroad).

[36] *Id.*

[37] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002).

objections, the Court deems CertainTeed to have waived this objection to each of the topics in question.  The Court now turns to CertainTeed's objections that Business Issues Topic No. 5 and Environmental Compliance Topics No. 10–13 are overly broad because they lack adequate temporal and/or subject matter limitations.

### 1.   Business Issues Topic No. 5 (Financial Status)

CertainTeed objects that Business Issues Topic No. 5 does not contain an adequate temporal restriction.  The essence of CertainTeed's objection appears to be that the five-year period about which Plaintiff seeks testimony is too long.  According to CertainTeed, Plaintiff has shown no legitimate basis for requesting testimony relating to any period before or after the alleged environmental violations occurred.

While CertainTeed attempts to put the burden on Plaintiff to "articulate a legitimate basis" for requesting testimony regarding the five-year period, the burden is not Plaintiff's to bear.  CertainTeed must carry the burden to support its claims that the topic is overly broad, and therefore unduly burdensome.  CertainTeed's only proffered support for its contention is that it has produced documents relating to its *budget* from 2008 through 2010.  CertainTeed's budget, however, is not what Topic No. 5 requests.  Rather, Topic No. 5 seeks testimony regarding CertainTeed's net worth and whether or not CertainTeed is publicly traded.

Additionally, this Court has previously permitted litigants to conduct discovery for "a reasonable number of years both prior to and following [the liability period]."[38]  The Court finds that testimony regarding CertainTeed's net worth for three years before and two years after the alleged environmental violations is reasonable.  The Court therefore overrules CertainTeed's

---

[38] *Horizon Holdings*, 209 F.R.D. at 212–213 (permitting discovery into matters occurring three years before and two years after the allegedly discriminatory conduct in an employment discrimination suit).

objection to Business Issues Topic No. 5 as overly broad and unduly burdensome.  That said, the Court finds CertainTeed's statement that it is not publicly traded[39] sufficient to answer part (a) of Business Issues Topic No. 5.  With respect to Business Issues Topic No. 5, CertainTeed is therefore ordered to produce a representative, pursuant to Plaintiff's Rule 30(b)(6) deposition notice, who will provide full, knowledgeable, and unevasive testimony on the issue of its net worth.

### 2.    Environmental Compliance Topics No. 10 and 11 (OSHA Regulations)

As to Environmental Compliance Topics No. 10 and 11, CertainTeed states that "Plaintiff fails to include any sort of temporal limitation on the [topic], which in and of itself makes the request overbroad."[40]  CertainTeed's support for its contention that Environmental Compliance Topics No. 10 and 11 are overbroad, however, never goes beyond this conclusory allegation except for two cases cited for the proposition that a deposition topic with *no* temporal limitation is overbroad.[41]  Conclusory allegations of overbreadth are not sufficient to meet CertainTeed's burden to show the validity of its objections.  To justify its objection, CertainTeed must provide facts demonstrating that the time or expense involved in responding to the requested discovery is unduly burdensome.  CertainTeed has not provided any such facts to support its objections.  Moreover, CertainTeed's allegation that Plaintiff failed to include "*any sort of temporal*

---

[39] CertainTeed Mem. Opp'n (ECF No. 125) at 4.

[40] *Id.* at 8. The Court notes that CertainTeed originally objected to the topics as lacking adequate temporal restriction, but then argues in its memorandum opposing Plaintiff's motion that Plaintiff "fails to include *any sort* of temporal limitation."

[41] CertainTeed cites to *High Point SARL v. SprintNextel Corp.*, No. 09-2269-CM-DJW, 2011 WL 4036424, at *13 (D. Kan. Sept. 12, 2011) and *Hartford Fire Ins. Co. v. P & H Cattle Co.*, No. 05-2001-DJW, 2009 WL 2951120, at *10 (D. Kan. Sept. 10, 2009).  Both cases support the proposition that topics with *no temporal limitation* are overbroad.

*limitation*" is incorrect and contradicted by the first sentence of CertainTeed's discussion of these topics in its memorandum in opposition to the pending motion.  There, CertainTeed states that Plaintiff requests testimony regarding OSHA regulations "from 2007 to present."[42]  Clearly, then, Plaintiff included a "2007 to present" temporal limitation in Environmental Compliance Topics No. 10 and 11.

In light of the foregoing discussion, the Court overrules CertainTeed's overbreadth and undue burden objections to Environmental Compliance Topics No. 10 and 11.  CertainTeed is ordered to produce a representative, pursuant to Plaintiff's Rule 30(b)(6) deposition notice, who will provide full, knowledgeable, and unevasive testimony on Environmental Compliance Topics No. 10 and 11.

### 3. Environmental Compliance Topics No. 12 and 13 (MSDS Sheets)

In its initial objections, CertainTeed objected to Environmental Compliance Topics No. 12 and 13 as providing "inadequate temporal (during the relevant period of Plaintiff's employment) and subject matter (OSHA) limitation."[43]  In its response brief, CertainTeed continues to object that testimony regarding all MSDS sheets from 2007 to the present is overbroad in temporal scope.  CertainTeed claims that Plaintiff admits his complaints regarding the use of the Godwin pump were limited to 2010, and as such MSDS information from any year other than 2010 should be of no consequence.[44] CertainTeed's temporal objection, then, appears to be that testimony regarding the five year period—three years before and two years after the alleged environmental violations—is an overly broad time period.

---

[42] CertainTeed Mem. Opp'n at 7.

[43] CertainTeed Objs. Pl.'s Second Am. Notice 30(b)(6) Dep. at 13.

[44] CertainTeed Mem. Opp'n at 8–9.

CertainTeed again fails to meet its burden to show how the topics seeking testimony regarding (1) identification of all MSDS sheets applicable to the K21 line from 2007 to the present and (2) explanation of CertainTeed's policies and procedures regarding those MSDS sheets are overly broad. CertainTeed's bare assertions that the topics are overly broad simply do not satisfy its burden to show the validity of its objections. In short, CertainTeed has failed to provide sufficient factual information to justify finding Environmental Compliance Topics No. 12 and 13 temporally overbroad.

As for CertainTeed's subject matter objections, CertainTeed neither reasserts nor responds to Plaintiff's arguments against the objections. CertainTeed also fails to provide any argument supporting its objections to Environmental Compliance Topics No. 12 and 13 as overbroad in terms of subject matter. Indeed, as Plaintiff points out, "[CertainTeed's] reference to OSHA here is nonsensical and nothing more than a copy and paste from" its objections to Environmental Compliance Topics No. 10 and 11.[45]

The Court therefore overrules CertainTeed's overbreadth and undue burden objections to Environmental Compliance Topics No. 12 and 13. CertainTeed is ordered to produce a representative, pursuant to Plaintiff's Rule 30(b)(6) deposition notice, who will provide full, knowledgeable, and unevasive testimony on the issue of MSDS sheets it maintained from 2007 to the present and CertainTeed's policies and procedures regarding any such MSDS sheets.

### D.      Request for Production of Documents

Plaintiff's Amended Rule 30(b)(6) Notice also contains three requests for production. Plaintiff moves to compel CertainTeed to produce documents responsive to all three.

---

[45] Pl.'s Mem. Supp. CertainTeed Mot. at 12.

### 1.      Document Request No. 1

Plaintiff's Request No. 1 seeks "[a]ll non-attorney prepared documents that were used or relied upon to prepare for this deposition and which have not already been produced in this litigation."[46]   CertainTeed states that its "30(b)(6) witnesses did not use or rely on any non-attorney prepared documents that have not already been produced, so there are no additional responsive documents to produce."[47] The Court finds that CertainTeed has adequately responded to this request. "Fed. R. Civ. P. 34 does not require a party to create responsive documents if they do not exist in the first instance and the Court cannot compel a party to produce documents that do not exist."[48]   The Court therefore denies Plaintiff's motion to compel as to Request No. 1. The Court, however, orders CertainTeed to provide, **within 14 days of the date of this order**, an amended response identifying by Bates number any documents that it previously produced that are responsive to this request.  Also, if there are responsive documents after CertainTeed's Rule 30(b)(6) deposition is reconvened, then it shall produce any such responsive documents within 14 days after the reconvened deposition.

### 2.      Document Request No. 2

Plaintiff's Request No. 2 seeks "[d]ocuments not already produced in this litigation which demonstrate or establish the topics."[49]  CertainTeed only maintains one of its initial objections to this request, namely that the request is vague and ambiguous as to the terms

---

[46] Pl.'s Second Am. Notice 30(b)(6) Dep. CertainTeed at 7.

[47] CertainTeed Mem. Opp'n at 10.

[48] *Payless Shoesource Worldwide, Inc. v. Target Corp.*, No. 05-4023-JAR, 2008 WL 973118, at *4 (D. Kan. Apr. 8, 2008) (internal quotation marks and citations omitted).

[49] Pl.'s Second Am. Notice 30(b)(6) Dep. CertainTeed at 7.

"demonstrate or establish."[50]  CertainTeed contends that because of the ambiguity of these terms, it is uncertain what Plaintiff is requesting.  Despite Plaintiff's contentions that he attempted to discuss the ambiguities with CertainTeed and refine the request accordingly, the Court finds CertainTeed's objection persuasive.  Accordingly, the Court sustains CertainTeed's objection to Request No. 2 and orders Plaintiff, ***within 7 days of the date of this order***, to define or clarify what it means by "demonstrate or establish."  ***Within 14 days after receiving clarification from Plaintiff***, Defendant CertainTeed shall serve its supplemental response to this request for production.  If it has already produced all documents responsive to the clarified request for production, then it shall identify by Bates number the documents previously produced that are responsive to the request.

### 3.    Document Request No. 3

Plaintiff's Request No. 3 seeks "MSDS sheets for all chemicals used in the manufacturing process on the K21 line in 2010."[51]  Defendant CertainTeed objects to this request on the ground that Plaintiff did not timely file a motion to compel after CertainTeed objected to identical requests made in Plaintiff's First Set of Requests for Production (ECF No. 22).  CertainTeed argues that because Plaintiff did not timely file a motion to compel, Plaintiff should not now be allowed to circumvent his failure by requesting the MSDS sheets as part of the 30(b)(6) deposition.

The MSDS sheets at issue were the subject of an earlier motion for leave and extension of time to serve additional requests for production (ECF No. 105).  The Court has ruled on that

---

[50] CertainTeed Mem. Opp'n at 10.

[51] Pl.'s Second Am. Notice 30(b)(6) Dep. CertainTeed at 7.

motion,[52] and in doing so, denied Plaintiff's request for production of MSDS sheets. CertainTeed is correct that Plaintiff should not now be allowed to circumvent his failure to timely file a motion to compel in response to CertainTeed's objections.  The Court denies Plaintiff's motion to compel as to Request No. 3, and therefore sustains CertainTeed's objection to the request.  As discussed above, Defendant must still provide *testimony* relating to Environmental Compliance Topics No. 12 and 13, but Defendant need not produce the MSDS sheets themselves.

**IV.    The Saint-Gobain Rule 30(b)(6) Notice**

At issue in the Saint-Gobain Rule 30(b)(6) Notice are the following three deposition topics:

> Topic No. 3(e): [Saint-Gobain's] involvement with the KCK plant and K21 line (2008 – present);

> Topic No. 3(f): [Saint-Gobain's] policy and/or procedure for setting production requirements and budget for KCK plant and K21 line (2008 – present); and

> Topic No. 4: Saint-Gobain's financial status (2007 – present):
>       (a) [p]ublicly traded;
>       (b) net worth.[53]

Defendant Saint-Gobain initially objected to each of the topics on the following grounds: confidentiality; relevancy; vagueness/ambiguity; overbreadth; and undue burden. In responding to Plaintiff's motion, however, Saint-Gobain does not reassert its confidentiality and vagueness/ambiguity objections.  Even if Saint-Gobain had reasserted the objections, both are subject to the same analysis and outcome as CertainTeed's confidentiality and

---

[52] Mem. & Order (ECF No. 138); *see also Lykins v. CertainTeed Corp.*, No. 11-2133-JTM-DJW, 2012 WL 1883277, at *1 (D. Kan. May 22, 2012).

[53] Pl.'s Notice 30(b)(6) Dep. Saint-Gobain (ECF No. 73) at 3–4.

vagueness/ambiguity objections.  The Confidentiality Agreement and Protective Order already entered in this case adequately protects the confidentiality of any testimony by a Saint-Gobain 30(b)(6) witness.  Moreover, Plaintiff has stated with reasonable particularity the matters for examination.  Accordingly, the Court overrules Saint-Gobain's confidentiality and vagueness/ambiguity objections to the deposition topics.

The Court also finds that Topics No. 3(e)–(f) and 4 are relevant on their face.  Saint-Gobain therefore has the burden to show specifically how the topics are irrelevant.  Saint-Gobain's conclusory allegations of irrelevancy, however, are insufficient to justify a its failure to produce a corporate representative to testify pursuant to Plaintiff's Rule 30(b)(6) notice of deposition.  The Court therefore overrules Saint-Gobain's relevancy objections to Topics No. 3(e)–(f) and 4.  The Court also overrules Saint-Gobain's prematurity objection to Topic No. 4 for the same reasons set forth above in the Court's analysis Business Issues Topic No. 5 of the CertainTeed Notice.

As for Saint-Gobain's objections that the topics are overbroad, and therefore unduly burdensome, the Court finds that Saint-Gobain has failed to meet its burden of supporting these objections.  In short, Saint-Gobain has failed to provide sufficient justification for its claim that Topics No. 3(e)–(f) and 4 are overly broad.  Even more so, the Court finds that conclusory allegations of overbreadth are insufficient to justify Saint-Gobain's refusal to designate a witness to testify on these topics.  The Court therefore overrules Saint-Gobain's over breadth and undue burden objections to Topics No. 3(e)–(f) and 4.

In its memorandum opposing Plaintiff's motion, Saint-Gobain provides one new argument against Topics No. 3(e)–(f).  Saint-Gobain asserts that it stipulated to employing Plaintiff in order to "eliminate the need for additional discovery on" whether Saint-Gobain and

CertainTeed are an integrated enterprise.[54]   Saint-Gobain argues that because it stipulated to employing Plaintiff during his employment at the KCK plant, the integration of its operations with those of CertainTeed is no longer at issue.   From this, Saint-Gobain draws the conclusion that there is no need for Plaintiff to depose an individual on the issue of its operational structure.

The Court disagrees. While the existence of integrated operations between the two corporations may not be at issue, the nature of and extent to which the two companies' operations are, or were, integrated is still at issue.   Moreover, in an email to Defendant's counsel, Plaintiff clearly states that "[e]ven if an agreement is reached on the integrated enterprise/co-employer issue, Plaintiff still plans to question [Saint-Gobain] on [these issues] . . . ."[55]   The Court agrees with Plaintiff that the information sought is relevant to Plaintiff's claims.   Simply put, the Court sees no reason why Saint-Gobain's stipulation that it, together with Defendant CertainTeed, employed Plaintiff should preclude Plaintiff from deposing a Saint-Gobain representative to testify as to its involvement with, and its policy and procedure for, setting production requirements and budgets for the KCK plant and K21 line.   The Court therefore overrules Saint-Gobain's objection to producing a Rule 30(b)(6) corporate representative to testify based on the parties' agreed Pretrial Order stipulation.

Based on the foregoing discussion, the Court grants Plaintiff's motion as to Topics No. 3(e)–(f) and 4 of the Saint-Gobain Notice.   At a date mutually agreeable to the parties, Defendant Saint-Gobain is therefore ordered to produce a corporate representative, for deposition pursuant to Plaintiff's Rule 30(b)(6) deposition notice, who will provide full, knowledgeable, and unevasive testimony on Topics No. 3(e)–(f) and 4.

---

[54] Saint-Gobain Mem. Opp'n (ECF No. 133) at 3–4.

[55] Pl.'s Mar. 28, 2012 Email (ECF No. 124-5) at 2, ¶ 3.

The final two issues in the Saint-Gobain Notice are Request for Production Nos. 1 and 2. Saint-Gobain objects to Request No. 1 insofar as it did not produce a 30(b)(6) witness, and therefore is unable to respond to the request. In light of the Court's order compelling Saint-Gobain to produce a corporate representative to testify pursuant to Plaintiff's Rule 30(b)(6) notice, the Court further orders Saint-Gobain to produce all documents responsive to Plaintiff's Request No. 1. To the extent that Saint-Gobain has already produced all documents responsive to Request No. 1, the Court orders Saint-Gobain to provide an amended response identifying by Bates number the previously produced documents responsive to this request.

For the reasons set forth above in the Court's discussion of the CertainTeed Notice Request No. 2, the Court sustains Saint-Gobain's objection to Request No. 2 and orders Plaintiff, *within 7 days of the date of this order*, to define or clarify what it means by "demonstrate or establish." *Within 14 days after receiving clarification from Plaintiff*, Defendant Saint-Gobain shall serve its supplemental response to Request No. 2. If Saint-Gobain has already produced all documents responsive to the clarified request for production, it shall identify by Bates number the documents previously produced that are responsive to the request.

## V.      Reasonable Expenses Under Fed. R. Civ. P. 37(a)(5)

Although Plaintiff does not specifically request his reasonable expenses incurred in filing the motions to compel, the Court determines that Defendants should pay these expenses. Fed. R. Civ. P. 37(a)(5)(C) provides that when a motion is granted in part and denied in part, "the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion."[56] Upon consideration, the Court apportions to Defendants the amount of Plaintiff's

---

[56] Fed. R. Civ. P. 37(a)(5)(C).

reasonable expenses, including attorney's fees, he incurred in filing the motions to compel testimony and documents from Defendants' Rule 30(b)(6) witnesses. ***Within 14 days of this Memorandum and Order***, Plaintiff shall file a motion requesting a specific amount for his reasonable expenses incurred in filing these motions to compel against Defendants. Plaintiff shall provide affidavits and other supporting documents showing in detail the fees and other expenses incurred in filing the motions to compel.

## VI.    Summary of Rulings

Plaintiff's Motions to Compel Testimony and Production of Documents from 30(b)(6) Witness of Defendant CertainTeed Corporation (ECF No. 115) and Defendant Saint-Gobain Corporation (ECF No. 123) are granted in part and denied in part as follows:

(1)     The Court ***grants*** Plaintiff's motion to compel as to CertainTeed Notice Business Issues Topic No. 5.  At a date mutually agreeable to the parties, CertainTeed is ordered to produce a representative, pursuant to Plaintiff's Rule 30(b)(6) deposition notice, who will provide full, knowledgeable, and unevasive testimony on the issue of its net worth.   As discussed above, the Court finds that CertainTeed has adequately answered Business Issues Topic No. 5 as to CertainTeed's status as a publicly traded company.

(2)     The Court ***grants*** Plaintiff's motion to compel as to CertainTeed Notice Environmental Compliance Topics No. 10 and 11.  At a date mutually agreeable to the parties, CertainTeed is ordered to produce a representative, pursuant to Plaintiff's Rule 30(b)(6) deposition notice, who will provide full, knowledgeable, and unevasive testimony on the issue of OSHA regulations applicable to the disposal of both K21 line wastewater and EP pellets, as well as CertainTeed's

compliance with such regulations.

(3)     The Court **grants** Plaintiff's motion to compel as to CertainTeed Notice Environmental Compliance Topics No. 12 and 13 to the extent they seek *testimony* regarding MSDS sheets maintained by CertainTeed from 2007 to the present.  At a date mutually agreeable to the parties, CertainTeed is ordered to produce a representative, pursuant to Plaintiff's Rule 30(b)(6) deposition notice, who will provide full, knowledgeable, and unevasive testimony on the issue of MSDS sheets it maintained from 2007 to the present.

(4)     The Court **denies** Plaintiff's motion to compel as to CertainTeed Notice Document Request No. 3.  For the reasons set forth above, CertainTeed need not produce the MSDS sheets themselves.

(5)     The Court **grants** Plaintiff's motion to compel as to CertainTeed Notice K21 Line Topic No. 4.  At a date mutually agreeable to the parties, CertainTeed is ordered to produce a representative, pursuant to Plaintiff's Rule 30(b)(6) deposition notice, who will provide full, knowledgeable, and unevasive testimony regarding the reasons for shutdown of the K21 line and the identity of the decision-maker(s).

(6)     The Court **denies** Plaintiff's motion to compel as to CertainTeed Notice Document Request No. 1.  The Court, however, orders CertainTeed to provide, ***within 14 days of the date of this order***, an amended response identifying by Bates number any documents that were previously produced and responsive to this request. Also, if there are responsive documents after CertainTeed's Rule 30(b)(6) deposition is reconvened, then it shall produce any such responsive

documents within 14 days after the reconvened deposition.

(7)     The Court *grants in part* Plaintiff's motion to compel as to CertainTeed Notice Document Request No. 2.  CertainTeed's vagueness/ambiguity objection as to Document Request No. 2 is sustained.  Plaintiff is ordered, ***within 7 days of the date of this order***, to define or clarify what it means by "demonstrate or establish."  ***Within 14 days after receiving clarification from Plaintiff***, Defendant CertainTeed shall serve its supplemental response to Document Request No. 2.  If CertainTeed has already produced all documents responsive to the clarified request for production, it shall identify by Bates number the documents previously produced that are responsive to the request.

(8)     The Court *grants* Plaintiff's motion to compel as to Saint-Gobain Notice Topics No. 3(e)–(f).  At a date mutually agreeable to the parties, Saint-Gobain is ordered to produce a representative, pursuant to Plaintiff's Rule 30(b)(6) deposition notice, who will provide full, knowledgeable, and unevasive testimony regarding Saint-Gobain's involvement with the KCK plant and K21 line, and its policy and/or procedure for setting production requirements and budget for the KCK plant and K21 line.

(9)     The Court *grants* Plaintiff's motion to compel as to Saint-Gobain Notice Topic No. 4.  At a date mutually agreeable to the parties, Saint-Gobain is ordered to produce a representative, pursuant to Plaintiff's Rule 30(b)(6) deposition notice, who will provide full, knowledgeable, and unevasive testimony regarding its financial status from 2007 to present, specifically whether the company is publicly traded and its overall net worth.

(10)    The Court *grants* Plaintiff's motion to compel as to Saint-Gobain Notice Document Request No. 1.  To the extent that Saint-Gobain has already produced all documents responsive to Document Request No. 1, the Court orders Saint-Gobain to provide an amended response identifying by Bates number the previously produced documents responsive to this request.

(11)    The Court *grants in part* Plaintiff's motion as to Saint-Gobain Notice Document Request No. 2.  Saint-Gobain's vagueness/ambiguity objection to Document Request No. 2 is sustained.  Plaintiff is ordered, *within 7 days of the date of this order*, to define or clarify what it means by "demonstrate or establish." *Within 14 days after receiving clarification from Plaintiff*, Defendant Saint-Gobain shall serve its supplemental response to Document Request No. 2.  If Saint-Gobain has already produced all documents responsive to the clarified request for production, it shall identify by Bates number the documents previously produced that are responsive to the request.

(12)    The Court *grants* Plaintiff's request for his reasonable expenses, including attorney's fees, associated with reconvening the CertainTeed Rule 30(b)(6) deposition and convening the Saint-Gobain Rule 30(b)(6) deposition.

(13)    Pursuant to Fed. R. Civ. P. 37(a)(5)(C), the Court apportions to Defendants the amount of Plaintiff's reasonable expenses, including attorney's fees, he incurred in filing the motions to compel testimony and documents from Defendants' Rule 30(b)(6) witnesses.  *Within 14 days of this Memorandum and Order*, Plaintiff shall file a motion requesting a specific amount for his reasonable expenses incurred in filing his motions to compel against Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Testimony and Production of Documents from 30(b)(6) Witness of Defendant CertainTeed Corporation (ECF No. 115) and Plaintiff's Motion to Compel Testimony and Production of Documents from 30(b)(6) Witness of Defendant Saint-Gobain Corporation (ECF No. 123) are granted in part and denied in part as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's request that each Defendant pay Plaintiff's reasonable expenses, including attorney's fees and costs for reconvening/convening the respective Rule 30(b)(6) depositions is granted.

**IT IS FURTHER ORDERED** that Defendants shall pay Plaintiff's reasonable expenses, including attorney's fees, that he incurred in filing the motions to compel testimony and documents from Defendants' Rule 30(b)(6) witnesses.

**IT IS FURTHER ORDERED** that Plaintiff's request for a hearing regarding these motions and other discovery issues is denied.

Dated this 16th day of August, 2012, at Kansas City, Kansas.


s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge