# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RANDALL LYKINS,**

        **Plaintiff,**

v.                                 **Civil Action No. 11-2133-JTM**

**CERTAINTEED CORPORATION and
SAINT-GOBAIN CORPORATION,**

        **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Compel Defendant CertainTeed Corporation to Respond to Plaintiff's Second Set of Discovery (ECF No. 139). Plaintiff requests an order compelling Defendant CertainTeed Corporation ("CertainTeed") to answer his First Interrogatories No. 7, 10-14, and 17, and produce documents responsive to his Second Requests for Production of Documents No. 1-3, 6, 10, 11, and 13. CertainTeed opposes Plaintiff's motion on the grounds that Plaintiff failed to timely serve the discovery requests at issue, and therefore is not entitled to discover the information sought by the requests. It also asserts specific objections to the discovery requests. As set forth below, the motion is granted part and denied in part.

## I.    Background

Plaintiff brings this cause of action for retaliatory discharge in violation of Kansas law and public policy. He claims that Defendants terminated his employment in August 2010 in retaliation for alleged reports to upper management of conduct that Plaintiff purportedly believed violated environmental laws or regulations. Plaintiff alleges in his complaint that starting in

January 2010, while he worked as a plant shift manager on the K21 line, he noticed contaminated K21 sump-pit water being pumped directly into the municipal sewer.   Defendants deny Plaintiff's allegations and assert that Plaintiff's employment was terminated for legitimate, non-retaliatory reasons wholly unrelated to Plaintiff's alleged reports regarding environmental violations.

The original Scheduling Order entered in this case requires that "[a]ll discovery shall be commenced or served *in time to be completed by* February 13, 2012."[1]   On December 27, 2011, pursuant to the parties' joint motion, the Court entered an Amended Scheduling Order (ECF No. 52) extending the deadline for completion of discovery to April 13, 2012.   On March 13, 2012, thirty-one days before the close of discovery, Plaintiff served by email his First Interrogatories and his Second Request for Production of Documents to Defendant CertainTeed.[2]   On April 16, 2012, CertainTeed served its objections and responses to Plaintiff's discovery requests.[3]   It objected to the discovery request as being untimely served.   It also asserted specific objections to the interrogatories and requests for production at issue. On April 19 and 23, 2012, Plaintiff attempted to confer with CertainTeed's counsel to resolve the dispute.   Plaintiff's attempts to resolve the dispute were unsuccessful, and on May 17, 2012, Plaintiff filed a motion to extend the deadline to file a motion to compel.   The Court granted Plaintiff's motion, thereby extending the deadline to file a motion to compel.   In light of this extension, Plaintiff timely filed the instant motion to compel on May 24, 2012.

---

[1] Sept. 2, 2011 Scheduling Order (ECF No. 24) at 4 (emphasis added).

[2] *See* Cert. of Service (ECF No. 74).

[3] *See* Cert. of Service (ECF No. 106).

## II.     Timeliness of Plaintiff's Discovery Requests

Defendant CertainTeed asks the Court to deny Plaintiff's motion to compel because the interrogatories and requests for production at issue in the motion were not timely served by Plaintiff.  CertainTeed argues that Plaintiff's discovery requests were not served sufficiently in advance of the April 13, 2012 discovery deadline to give it the full amount of time allowed by the Federal Rules of Civil Procedure to respond to the discovery requests.  It points out that under the Scheduling Order all discovery was to be "commenced or served *in time to be completed by*" the April 13, 2012 deadline.  Plaintiff served the interrogatories and requests for production by email on March 13, 2012.  According to CertainTeed's calculation, its discovery responses were not due until 33 days later on April 16, 2012—after the close of discovery. CertainTeed contends that it was entitled to the three additional days provided for in Fed. R. Civ. P. 6(d)—in addition to the 30 days allowed by Rules 33 and 34—because Plaintiff served the discovery requests by email.  Plaintiff's failure to serve his discovery requests 33 days prior to the discovery deadline makes them unable to be completed by the discovery deadline and therefore untimely.

Plaintiff asserts that his discovery requests are timely as they were served 30 days prior to the discovery deadline.  He contends that the additional three days provided for in Rule 6(d) do not apply to calculating when discovery requests must be served in time to be completed under the scheduling order.  He argues that the three additional days are not applicable because the scheduling order—not the service of his discovery requests—triggers the calculation.  According to Plaintiff, Rule 6(d) only applies when the required action follows service of notice or paper. Rule 6(d) therefore does not apply here because he was not required to act within a specified time after service.

The Court is thus presented with the issue of whether Plaintiff's failure to serve his discovery requests 33 days prior to the discovery deadline—which includes the three additional days under Rule 6(d)—makes his discovery requests untimely.  The appropriate place to start in resolving these questions is the language of Fed. R. Civ. P. 6(d), which provides that three days are added after the period would otherwise expire "[w]hen a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F)."[4]  Where a party serves discovery requests by electronic means such as by email, Rule 6(d) gives the responding party three additional days to respond.[5]  Thus, a party who is served with interrogatories or requests for production—by any means other than handing it to the person[6] or delivering it to the person's office or dwelling[7]—is allowed three days in addition to the 30 days provided by Rules 33(b)(2) and 34(b)(2)(A).  Accordingly, CertainTeed was entitled to the three additional days under Rule 6(d) in responding to Plaintiff's discovery requests.

Having established that CertainTeed had 33 days to respond to Plaintiff's discovery requests, the next question is whether Plaintiff was required to allow for the three additional days

---

[4] Fed. R. Civ. P. 6(d). A paper is served under subsection (C) of Rule 5(b)(2) by mailing it, subsection (D) by leaving it with the court clerk, subsection (E) by sending it by "electronic means," and subsection (F) by delivering it by any other means that the person has consented to in writing.

[5] *See Norouzian v. Univ. of Kansas Hosp. Auth.*, No. 09-2391-KHV-DJW, 2010 WL 4513406, at *3 & n.12 (D. Kan. Nov. 2, 2010) (explaining that the responding party's "responses [to interrogatories] are not due until thirty-three days after service" because "Fed. R. Civ. P. 6(d) adds three days to that thirty-day period when the interrogatories are served pursuant to Rule 5(b)(2)(C), (D), (E), or (F)"); *see also A.H. ex rel. Hohe v. Knowledge Learning Corp.*, No. 09-2517-DJW, 2010 WL 4117508, at *1 & n.2 (D. Kan. Oct. 19, 2010) (calculating defendant's responses to plaintiffs' requests for production of documents as due thirty-three days from date of service because plaintiffs filed their requests electronically); *Danger v. Wachovia Corp.*, No. 10-61818-CIV, 2011 WL 1743763, at *1 (S.D. Fla. May 6, 2011) (explaining that Plaintiff was required to serve her interrogatories early enough to allow defendant thirty three days to respond unless service was made by hand delivery).

[6] Fed. R. Civ. P. 5(b)(2)(A).

[7] Fed. R. Civ. P. 5(b)(2)(B)(i) and (ii).

under Rule 6(d) to comply with the Scheduling Order's requirement that all discovery is to be served "in time to be completed" by the April 13, 2012 discovery deadline.  In other words, was Plaintiff required to serve his interrogatories and requests for production 30 days—or 33 days— in advance of the discovery deadline?  Most courts addressing this issue have held that the party serving the discovery requests must allow for the three additional days under Rule 6(d) if serving the discovery request by a means that would provide the three additional days.[8]  The Court agrees with these cases requiring the party propounding the discovery requests to allow for the three additional days permitted by Rule 6(d).  Because the party serving the discovery knows the means by which it intends to serve the discovery requests, it would be able to calculate the responding party's party deadline for its responses.  In this case, because Plaintiff knew he would be serving his discovery requests by email – and that method of service permits the three additional days under Rule 6(d) – then he should have served his discovery requests 33 days prior to the discovery deadline for them to be timely.

 The Court therefore finds that Plaintiff's First Interrogatories and Second Request for

---

[8] *See Law v. Bd. of Trs. of Dodge City Cmty. Coll.*, No. 08-1212-JTM-DWB, 2009 WL 973561, at *1 n.2 (D. Kan. Apr. 10, 2009) (noting that written discovery must be served early enough to allow the full 30 day period for answers or responses, "even if the provisions of Fed. R. Civ. P. 6(d) may give the responding party an additional 3 days."). *See also TV Interactive Data Corp. v. Sony Corp.*, No. C 10-475 PJH(MEJ), 2012 WL 1413368, at *3 (N.D. Cal. Apr. 23, 2012) (finding discovery requests untimely because the propounding party failed to allow for the three additional days provided by Fed. R. Civ. P. 6(d) and serve them 33 days—not 30—before discovery deadline); *Danger*, 2011 WL 1743763, at *1 (finding that because the propounding party failed to serve her discovery requests in sufficient time— including the three additional days provided in Rule 6(d)—for them to respond before the discovery deadline, the requests were untimely under the local rule, which required written discovery to be served in sufficient time that the response is due on or before the discovery cutoff date); *Nesselrotte v. Allegheny Energy, Inc.*, No. 06-01390, 2008 WL 1925107, at *2 (W.D. Pa. Apr. 30, 2008)("Based on a plain reading of . . . Rule 33(b)(2) as to interrogatories and Rule 34(b)(2) as to requests for the production of documents in conjunction with Rule 6(d), the Court considers Plaintiff's most recent written discovery requests as untimely."); *Gott v. The Raymond Corp.*, No. 3:07-CV-145, 2008 WL 4911879, at *2 (N.D. W.Va. Nov. 14, 2008) (denying motion to compel because discovery requests were not timely in that they were not served 33 days before the discovery completion date); *Visser v. Miller Dev. Co., Inc.*, No. 2:07CV319, 2008 WL 2620105, at *1 (D. Utah July 2, 2008) (finding discovery requests untimely because propounding party failed to serve them 33 days before discovery deadline).

Production of Documents were not timely served.  By serving them by email on March 13, 2012, Plaintiff did not serve his discovery requests "in time to be completed by" the April 13, 2012 deadline to complete discovery, as he only left 31 days for CertainTeed to respond, not 33 days. Plaintiff would have had to serve these discovery requests by no later than March 11, 2012 in order to provide Defendant CertainTeed with the required 33 days it was permitted under Federal Rules of Civil Procedure.

The next issue is whether Plaintiff can move to compel CertainTeed to respond to Plaintiff's untimely discovery requests.  Although Plaintiff's interrogatories and requests for production were not served in time to be completed by the discovery deadline, the Court will excuse the untimeliness.  Plaintiff's two-day delay in serving his discovery requests was a slight delay.  Moreover, Plaintiff's delay was inadvertent and based on his counsel's mistaken interpretation of the applicability of Rule 6(d) to calculating when discovery requests are due under the Scheduling Order. Based on Plaintiff's interpretation of the Rule, it is clear the Plaintiff thought he was serving his discovery requests in time to be completed by the close of discovery.  Indeed, Plaintiff notes his filing was made thirty-one days before the close of discovery, which, by his calculations, would have left sufficient time for CertainTeed to respond. The Court finds that Plaintiff made a good faith effort to serve his discovery requests in time for CertainTeed to respond by the close of discovery.  CertainTeed acknowledges that if timely served with the discovery requests, it would have responded to all of the interrogatories in question and Second Requests No. 3 and 6. CertainTeed has not identified any prejudice that would result from having to respond to Plaintiff's interrogatories and document requests served two days late. In light of these circumstances, the Court excuses Plaintiff's two-day delay in serving his First Interrogatories and Second Request for Production of Documents.  Defendant

shall respond to Plaintiff's discovery requests consistent with the discussion below.

## III.   Defendant CertainTeed's Objections on the Merits

In addition to its timeliness objection, Defendant CertainTeed objects to Plaintiff's First Interrogatories No. 7, 10–14, and 17 and Second Requests No. 1–2, 6, 10, 11, and 13 on one or more of the following grounds: the interrogatory or request for production at issue (1) seeks irrelevant information; (2) is not reasonably calculated to lead to the discovery of admissible evidence; (3) lacks reasonable particularity (vagueness/ambiguity); (4) seeks confidential business, financial, and/or proprietary information not generally available to the public; (5) is temporally overbroad and therefore unduly burdensome; (6) is premature; (7) is duplicative; and (8) seeks information that is or may be protected by the attorney-client privilege and/or work product doctrine.[9]

As noted above, Defendant CertainTeed acknowledges that it would have responded to Interrogatories No. 7, 10–14, and 17, as well as Second Requests No. 3[10] and 6, had they been timely served.  CertainTeed, however, imposes a caveat on its willingness to respond to these interrogatories and Request No. 6, namely that it intends to preserve its objections to the merits of each discovery request and respond only to the extent the request is not objectionable.  The Court will therefore address the merits of CertainTeed's objections to these and the remaining discovery requests at issue.

### A.   Interrogatory No. 7 and Request for Production No. 6 (Employee Benefits)

Interrogatory No. 7 seeks a detailed description of "each and every employee benefit

---

[9] Def.'s Objs. Pl.'s First Interrogs. (ECF No. 140-4) at 4–9. *See also* Def.'s Objs. Pl.'s Second Request for Production of Documents ("RFPs")(ECF No. 140-5) at 3–6.

[10] CertainTeed only objected to Request No. 3 as untimely served. *See* Def.'s Objs. Pl.'s Second RFPs (ECF No. 140-5) at 5.

Plaintiff was receiving and/or entitled to on the date of his termination, including but not limited to: (a) 401(k), (b) Pension, (c) Medical, (d) Excess Group Life Insurance; [and] (e) Group Universal Life Insurance."[11]   Similarly, Request for Production No. 6 seeks "[d]ocuments showing the current monetary value of the Pension provided to Plaintiff."[12] Defendant CertainTeed objects to Interrogatory No. 7 and Request No. 6 on the grounds that they seek irrelevant information, and they seek confidential business, financial, or proprietary information. CertainTeed also objects to Interrogatory No. 7 as vague and ambiguous, both generally and with respect to the phrase "entitled to."

Federal Rule of Civil Procedure 26(b)(1) sets out the general scope of discovery. It provides that the parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."[13] Relevancy is broadly construed during the discovery phase, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. [14] When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned

---

[11] Pl.'s First Interrogs. (ECF No. 140-2) at 6, ¶ 7(a)–(e).

[12] Pl.'s Second RFPs (ECF No. 140-3) at 5, ¶6.

[13] Fed. R. Civ. P. 26(b)(1).

[14] *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 523 (D. Kan. 2010).

by discovery would outweigh the ordinary presumption in favor of broad disclosure.[15] Conversely, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.[16]

The Court finds that Interrogatory No. 7 and Request No. 6 on their face seek information relevant to Plaintiff's claim for damages resulting from the termination of his employment. His damage claim would include all the attendant benefits of his employment. CertainTeed has not otherwise shown how these discovery requests are irrelevant or of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad discovery. Accordingly, the Court overrules CertainTeed's objection to the requests as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

With respect to Defendant CertainTeed's confidentiality objection, the Court finds that the Confidentiality Agreement and Protective Order (ECF No. 51) entered in this case adequately protects CertainTeed's concerns about the disclosure of its sensitive information. "The general rule . . . is that discovery is not denied solely because the requested material is sensitive."[17] If confidentiality is a concern, "[a] respondent's interest in the nondisclosure and confidentiality of its financial records can usually be adequately protected by a protective order."[18] The protective order in this case provides adequate protections for confidential information. CertainTeed's confidentiality objections to Interrogatory No. 7 and Request No. 6 are therefore overruled.

---

[15] *Id.*

[16] *Id.*

[17] *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.,* No. 94-2395-GTV, 1995 WL 625962, at *11 (D. Kan. Oct. 5, 1995).

[18] *Id.* at *3.

The Court also finds that Interrogatory No. 7 is neither vague nor ambiguous.  A party responding to discovery requests should "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."[19] Upon review of the interrogatory and Defendant CertainTeed's subsequent objection, the Court finds that CertainTeed has not adequately shown how the interrogatory in general, or the specific phrase objected to, are objectionable.  Applying reason and common sense, the Court understands the interrogatory to be seeking information regarding any employee benefits Plaintiff was receiving or was eligible to receive up to the time CertainTeed terminated his employment.  Plaintiff also provides five specific examples of the types of employment benefits about which he seeks information in the interrogatory: his 401(k), Pension, Medical, Excess Group Life Insurance, and Group Universal Life Insurance.  CertainTeed has failed to show how the phrase "entitled to" makes the interrogatory vague or ambiguous.

In light of the foregoing discussion, the Court **_grants_** Plaintiff's motion to compel as to Interrogatory No. 7 and Request No. 6.  CertainTeed shall, **_within 14 days of the date of this Memorandum and Order_**, serve its response to Interrogatory No. 7 giving a complete description of any employee benefits Plaintiff was receiving or entitled to at the time he was discharged from the company.  CertainTeed shall also, **_within 14 days of the date of this Memorandum and Order_**, produce responsive documents showing the current monetary value of the pension provided to Plaintiff.

### B.      Interrogatories No. 10–12 (K21 Sump Pit)

Interrogatory No. 10 seeks a detailed description of:

[A]ny and all water pipes, lines or any form of connection whatsoever in existence from January 1, 2008 until the present leading from the K21 sump pit to

---

[19] *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 310 (D. Kan. 1996).

> the municipal sewer and [identification of] any document or other tangible thing
> that supports, describes, discusses, reflects, relates or establishes the information
> set forth in [CertainTeed's] response.[20]

Interrogatory No. 11 seeks a detailed description of the same information regarding the Godwin pump, and Interrogatory No. 12 seeks a statement, along with any supporting documents, regarding the dimensions (height, width, and depth) and volume capacity of the K21 sump pit. CertainTeed asserts objections to Interrogatories No. 10 and 11 on the grounds that they are irrelevant and/or not reasonably calculated to lead to the discovery of admissible information, vague and ambiguous both generally and with respect to the phrase "any form of connection whatsoever," temporally overbroad and therefore unduly burdensome. CertainTeed also objects to Interrogatories No. 10 and 11 as seeking confidential business, financial, or proprietary information not generally available to the public. With respect to Interrogatory No. 12, CertainTeed only asserts irrelevancy and confidentiality objections.

As a preliminary matter, the Court overrules CertainTeed's confidentiality objections to Interrogatories No. 10–12. As discussed above, the Confidentiality Agreement and Protective Order in this case provides adequate safeguards to protect the confidentiality of any sensitive material disclosed by CertainTeed in its responses to the interrogatories. For that reason, the Court overrules CertainTeed's confidentiality objections.

Under the standard for relevance set forth above, the Court also finds that Plaintiff has alleged sufficient facts showing the relevance of the information sought by Interrogatories No. 10–12 to his claims. Plaintiff specifically alleges that CertainTeed denied in its Answer that the Godwin pump pumped the water directly into the municipal sewer. As the issue in this case revolves around the K21 sump pit, the Godwin pump, and the alleged discharge of toxic

---

[20] Pl.'s First Interrogs. at 7, ¶10.

chemicals into the municipal sewer, information regarding connections leading from the K21 sump pit and the Godwin pump to the municipal sewer are relevant to Plaintiff's claims. Additionally, the dimensions and volume capacity of the K21 sump pit are relevant to Plaintiff's determinations of how much water the pit could hold, as well as how much water could be pumped out at a given time.

CertainTeed therefore has the burden to demonstrate how the information sought is irrelevant. Upon review of its briefing, the Court finds that CertainTeed has not proffered any support for its relevancy objections to Interrogatories No. 10–12. In fact, CertainTeed does not even address its relevancy objections to these interrogatories in its response memorandum. Instead, CertainTeed asserts that it maintains its objections, and proceeds to discuss only its overbreadth and undue burden objections to Interrogatories No. 10 and 11. The Court therefore finds that CertainTeed has not met its burden to demonstrate how the information sought is irrelevant or is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad discovery. Accordingly, the Court overrules CertainTeed's relevancy objections.

CertainTeed's remaining objections—that Interrogatories No. 10 and 11 are both vague/ambiguous and overbroad/unduly burdensome—also fail. The Court finds that the information Plaintiff seeks is readily ascertainable. Indeed, the only potentially questionable language in either of the disputed requests is the phrase "any form of connection whatsoever." Upon closer inspection of the interrogatories, though, Plaintiff has sufficiently narrowed the scope of the information sought to connections, if any, leading from the K21 sump pit or the Godwin pump to the municipal sewer. The Court finds no vagueness or ambiguity in the interrogatories. Plaintiff cannot be expected to know every type of connection used by

12

CertainTeed to purportedly connect either the K21 sump pit or the Godwin pump to the municipal sewer.  It is sufficient that Plaintiff seeks only those connections between the K21 sump pit or the Godwin pump and the municipal sewer.  CertainTeed is in a better position to whether any connections have been used in this capacity, and what of what materials they were made.   In light of this, the Court overrules CertainTeed's vague/ambiguous and overly broad/unduly burdensome objections.

The Court also overrules CertainTeed's objection that Interrogatories No. 10 and 11 are temporally overbroad.  CertainTeed proposes that the scope of the questions be limited to 2010, the year in which Plaintiff filed his complaints about the company's alleged environmental violations.  However, "[a]n interrogatory is not necessarily overly broad or unduly burdensome simply because it is unlimited in time and scope.  [A party resisting discovery as overbroad or unduly burdensome] has the burden to show the validity of [its] objections."[21]  To do so, the resisting party must "show facts justifying [its] objection by demonstrating that the time or expense involved in responding to the requested discovery is unduly burdensome."[22]  CertainTeed curiously makes no such showing, even in response to Plaintiff's assertions that there has been testimony suggesting the connections have changed over time.  CertainTeed's only proffered support is that "Plaintiff admits he did not make any complaints about CertainTeed's use of the Godwin pump until 2010."[23]  Mere allegations of this sort simply are not enough to satisfy CertainTeed's burden to demonstrate that the time or expense involved in responding to the requested discovery is unduly burdensome.  Plaintiff has only requested

---

[21] *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan. 1997).

[22] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002).

[23] Def.'s Mem. Opp'n (ECF No. 146) at 7.

information about the connections from January 1, 2008 to the present.  This Court has previously permitted litigants to conduct discovery for "a reasonable number of years both prior to and following [the liability period]."[24]  The Court finds that testimony regarding connections used between the K21 sump pit or the Godwin pump and the municipal sewer for the two years before and the two years after the alleged environmental violations is reasonable.

In light of this, the Court **grants** Plaintiff's motion to compel as to Interrogatories No. 10–12.  CertainTeed shall, *within 14 days of the date of this Memorandum and Order*, serve its answers to Interrogatories No. 10–12 giving a complete description of any water pipes, lines or other form of connection used to connect either the K21 sump pit or the K21 sump pit Godwin pump to the municipal sewer during the period from January 1, 2008 to the date of this order. CertainTeed shall also, *within 14 days of the date of this Memorandum and Order*, serve an answer stating the dimensions (height, width, and depth) and the volume capacity of the K21 sump pit, as well as identifying documents and other tangible things that support, describe, or discuss this information.

### C.      Interrogatories No. 13, 14, and 17 (Contention Interrogatories)

Interrogatories No. 13, 14, and 17 ask CertainTeed to identify all facts, documents and/or tangible things that CertainTeed contends support or establish its claims that (1) "its actions toward Plaintiff were legitimate, non-retaliatory, and/or appropriate,"[25] (2) "it would have made the same employment decisions with respect to Plaintiff absent any alleged unlawful or

---

[24] *Horizon Holdings*, 209 F.R.D. at 212–213 (permitting discovery into matters occurring three years before and two years after the allegedly discriminatory conduct in an employment discrimination suit).

[25] Pl.'s First Interrogs. (ECF No. 140-2) at 9, ¶13.

impermissible considerations,"[26] and (3) "Plaintiff failed to mitigate his claimed damages."[27] CertainTeed objects to these interrogatories as vague and ambiguous generally and with respect to the phrase "support or establish." CertainTeed also objects to the interrogatories to the extent they seek information that is or may be protected by the attorney-client privilege and/or the work product doctrine.

The Court has reviewed Interrogatories No. 13, 14, and 17, and finds that they are neither vague nor ambiguous. The plain meaning of the language of the interrogatories is sufficient to make clear that they are asking CertainTeed to identify all facts, documents, and tangible items that either support its contentions or serve as the basis for its contentions. Interrogatories No. 13, 14, and 17 are no more than contention interrogatories, by which Plaintiff seeks to discover the factual basis for CertainTeed's allegations (1) through (3) in the paragraph above. As Plaintiff correctly points out, Fed. R. Civ. P. 33(a)(2) permits such interrogatories. [28]

While Plaintiff's Interrogatories No. 13, 14, and 17 are valid contention interrogatories, information that is protected by either the attorney-client privilege or the work product immunity is not discoverable. Rule 26(b)(5) governs claims of privilege and sets out the requirements for a party asserting a privilege. It provides that:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.[29]

---

[26] *Id.* at ¶14.

[27] *Id.* at 10, ¶17.

[28] Fed. R. Civ. P. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.").

[29] Fed. R. Civ. P. 26(b)(5)(A)(i)–(ii).

Thus, the burden of establishing the applicability of the attorney-client privilege rests on the party seeking to assert it.[30]   To do so, the party "must make a clear showing that the asserted objection applies.   To carry that burden, [the party] must describe in detail the documents or information sought to be protected and provide precise reasons for the objection to discovery."[31] The asserting party must also "provide sufficient information to enable the court to determine whether each element of the asserted objection is satisfied. A blanket claim as to the applicability of the privilege/work product protection does not satisfy the burden of proof."[32]   This typically requires the party asserting the privilege to provide a privilege log.[33] But a privilege log is not always necessary as long as the opposing party and the court can assess whether the claimed privilege applies to the document.[34]

CertainTeed asserts both attorney-client privilege and work product immunity in response to Interrogatories No. 13, 14, and 17, but it has not explained how answering the interrogatories will require it to disclose information protected by a privilege or immunity.   It has neither provided a privilege log nor described in sufficient detail the information sought to be protected so that Plaintiff or the Court can assess whether the privilege/protection applies.   CertainTeed has thus failed to provide any support for its claims of attorney-client privilege and work product immunity with respect to answering Interrogatories No. 13, 14, and 17.   The Court therefore

---

[30] *In re Grand Jury Proceedings*, 616 F.3d 1172, 1183 (10th Cir. 2010).

[31] *Sprint Commc'ns Co., L.P. v. Vonage Holdings Corp.*, No. 05-2433-JWL-DJW, 2007 WL 1347754, at *3 (D. Kan. May 8, 2007) (internal quotation marks and citation omitted).

[32] *Id.*

[33] *Herrmann v. Rain Link, Inc.*, No. 11-1123-RDR, 2012 WL 1207232, at *4 & n.28 (D. Kan. Apr. 11, 2012).

[34] *Id.*

overrules CertainTeed's privilege and immunity objections, and orders CertainTeed to serve its answers to Interrogatories No. 13, 14, and 17 *within 14 days of the date of this Memorandum and Order*.

### D.      Request No. 1 (Complaints of Misconduct)

Request No. 1 seeks "[a]ll documents regarding complaints of misconduct or any union grievance made by any CertainTeed employee against Plaintiff."[35]  CertainTeed objects on the grounds that the request seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence, lacks reasonable particularity (vague or ambiguous), is overbroad and unduly burdensome because it lacks adequate temporal restriction, seeks confidential information from or regarding individuals who are not parties to this litigation and who have not consented to disclosure of such information, and seeks information that is or may be protected by the attorney-client privilege and/or the work product doctrine.

The Court finds that Plaintiff has alleged sufficient facts showing the relevance of the information sought by Request No. 1 to his claims.  Plaintiff contends that the information is relevant because CertainTeed has asserted that Plaintiff is a "hair trigger" and that hourly employees complained about him.  While the Court was unable to find any such assertion by CertainTeed in the pleadings, the Court finds that the information sought by Request No. 1 is relevant to Defendant CertainTeed's stated reasons for discharging Plaintiff.  CertainTeed alleges that it terminated Plaintiff's employment because he was insubordinate during a meeting on August 17, 2010.  Complaints of misconduct and union grievances are relevant to establishing the veracity of CertainTeed's asserted reasons for terminating Plaintiff's employment.  Plaintiff's allegation that CertainTeed terminated his employment for a reason other than its stated reason

---

[35] Pl.'s Second RFPs at 5, ¶1.

therefore makes information regarding complaints and grievances relevant. CertainTeed's relevancy objection to Request No. 1 is overruled.

CertainTeed also objects to the request as vague and ambiguous, and therefore not reasonably particular because it contains terms and phrases that are undefined and subject to varying interpretations, such as "complaints of misconduct." The Court disagrees with CertainTeed's assertion that the phrase "complaints of misconduct"—or any other phrase in Request No. 1—is vague, ambiguous, or lacks reasonable particularity. The plain meaning of the request is sufficient to make clear that Plaintiff seeks documents that reflect or discuss complaints or grievances filed against him. The Court therefore overrules CertainTeed's vague and ambiguous objection to Request No. 1.

CertainTeed also objects to the request as overbroad and unduly burdensome because it lacks a temporal restriction. The Court agrees with CertainTeed, and will sustain its objection. Unlike many of Plaintiff's other requests, Request No. 1 contains no temporal limitation, and as such is overbroad and unduly burdensome. Rather than deny the motion as to the request, the Court imposes a temporal restriction of January 2008 to August 2010 (when CertainTeed terminated Plaintiff's employment) on Request No. 1.

With regard to CertainTeed's confidentiality objection, the Court determines that the existing Confidentiality Agreement and Protective Order in this case sufficiently protects the confidentiality concerns of the parties and any non-parties. Accordingly, the Court overrules CertainTeed's confidentiality objection to Request No. 1.

CertainTeed's remaining objection—that Request No. 1 seeks information that is or may be protected by the attorney-client privilege and/or the work product doctrine—also fails. As explained above, CertainTeed has the burden to establish the applicability of each claimed

privilege, and in doing so must make a clear showing that each applies by describing in detail the documents or information sought to be protected and the precise reasons for objecting to the discovery.  In its response memorandum, CertainTeed does not address either the attorney-client privilege or the work product immunity. It only makes conclusory allegations that the protections do or may apply.  The Court therefore overrules CertainTeed's objections that the material is protected by the attorney-client privilege or work product doctrine.  CertainTeed shall produce all documents responsive to Request No. 1 *within 14 days of the date of this Memorandum and Order*.

### E.       Request No. 2 (Personnel Files of Other Employees)

Request No. 2 seeks "[t]he complete personnel file of each employee who has made a complaint of misconduct or filed a union grievance against Plaintiff." [36] CertainTeed asserts relevancy, vague and ambiguous, overbroad and unduly burdensome objections to this request.

With regard to CertainTeed's relevancy objection, the Court does not see the facial relevancy of the personnel files of employees who made a complaint of misconduct or filed a union grievance against Plaintiff.  As the Court does not find Request No. 2 on its face to seek relevant documents, Plaintiff has the burden to show the relevancy of the requested documents. Plaintiff asserts the same relevancy arguments he asserted in support of Request No. 1, which seeks documents regarding complaint of misconduct or any union grievance made by any CertainTeed employee against Plaintiff.  Those arguments are not persuasive here.  Plaintiff has thus failed to show the relevancy of the personnel files of employees who made complaints against him.  CertainTeed's relevancy objection to Request No. 2 is therefore sustained and CertainTeed need not produce documents responsive to this request.

---

[36] Pl.'s Second RFPs at 5, ¶2.

### F.      Requests No. 10, 11 and 13 (Financial Information)

Requests No. 10 and 11 respectively ask CertainTeed to produce its certified balance sheets and certified profit and loss statements for 2010 through the present.  Request No. 13 asks for the production of documents from 2010 until the present showing CertainTeed's net worth.  CertainTeed objects on the grounds that these requests seek irrelevant information and are not reasonably calculated to lead to the discovery of admissible evidence, lack reasonable particularity (vague or ambiguous), are overbroad and unduly burdensome because they lack adequate temporal restriction, seek confidential business, financial and/or proprietary information not generally available to the public, and seek information that is or may be protected by the attorney-client privilege and/or the work product doctrine.  CertainTeed further objects that the requests are premature.   With respect to Request No. 13, CertainTeed objects to it as duplicative of Plaintiff's First Request No. 63.

The Court finds that Plaintiff has alleged sufficient facts showing the relevance of the information sought by Requests No. 10, 11, and 13 to his claims. Plaintiff asserts that the documents sought contain information relevant to CertainTeed's financial ability to keep up with its environmental obligations, as well as the issue of punitive damages.  Plaintiff further asserts that the information is relevant to the KCK Plant manager's motive for being hostile to environmental compliance measures that would cost the Plant significant financial expenditures to undertake.  CertainTeed has not otherwise shown how these discovery requests are irrelevant or of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad discovery.   Accordingly, the Court overrules CertainTeed's irrelevancy objections to these Requests.

The Court also overrules CertainTeed's related objection that the information sought by

Requests No. 10, 11, and 13 are premature. CertainTeed contends that the only reason information regarding its financial status would be necessary is for the issue of punitive damages, and states its intent to move to bifurcate the issue of punitive damages. CertainTeed is correct that courts in this district have, in some instances, upheld objections that discovery of financial information relevant to a punitive damages claim is premature at this stage in the litigation.[37] The Court, however, disagrees with CertainTeed's contention that the only reason the requested financial information would be necessary is for Plaintiff's punitive damages claim. Plaintiff has sufficiently shown the relevance of the requested information to more than just the issue of punitive damages. Because the information sought is facially relevant to more than just the issue of punitive damages, CertainTeed's premature objections fail. Whether CertainTeed moves to bifurcate the issue of punitive damages, the information sought regarding its financial status is relevant to its financial ability to keep up with its environmental obligations. As such, the information is discoverable at this stage in the litigation. Accordingly, the Court overrules CertainTeed's prematurity objections to Requests No. 10, 11, and 13.

The Court also overrules CertainTeed's remaining objections that the document requests lack reasonable particularity (vague or ambiguous), are overbroad and unduly burdensome because they lack adequate temporal restriction, seek confidential business, financial and/or proprietary information not generally available to the public, seek information protected by the attorney-client privilege and/or the work product doctrine, and duplicative of other discovery

---

[37] *See McCloud v. Bd. of Geary Cnty. Comm'rs*, No. 06-1002-MLB-DWB, 2008 WL 1743444, at *5 (D. Kan. Apr. 11, 2008); *Learjet Inc. v. MPC Prods. Corp.*, No. 05-1074-MLB-DWB, 2007 WL 2287836, at *5–6 (D. Kan. Aug. 8, 2007); *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 950282, at *14 (D. Kan. Mar. 26, 2007); *but cf. Roberts v. Shawnee Mission Ford, Inc.*, No. 01-2113-CM, 2002 WL 1162438, at *3-4 (D. Kan. Feb. 7, 2002)(overruling prematurity objection and denying motion to reconsider previous order compelling disclosure of financial information because defendant did not show plaintiff's punitive damages claim was spurious).

requests.  CertainTeed's has failed to reassert any of these objections in its response or offer any support for them.  Its statement that it "stands on its objections regarding Plaintiff's entitlement to its financial information from 2010 to the present" is not sufficient to reassert these objections. Accordingly, the Court overrules CertainTeed's remaining objections to Requests No. 10, 11, and 13.

## IV.    Reasonable Expenses Under Fed. R. Civ. P. 37(a)

Plaintiff requests that Defendant be ordered to pay his reasonable expenses, including attorney's fees, incurred in filing this motion to compel.   Defendant CertainTeed likewise requests its reasonable expenses for the time it spent objecting to Plaintiff's untimely discovery and responding to the motion to compel.

Fed. R. Civ. P. 37(a)(5)(C) provides that when a motion is granted in part and denied in part, "the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion."[38]   Under the circumstances of this motion, where the Court found Plaintiff's discovery requests to be untimely, but excused the delay and then granted the majority of the motion to compel, the Court finds that each party should bear its own expenses related to this motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Defendant CertainTeed Corporation to Respond to Plaintiff's Second Set of Discovery (ECF No. 139) is granted in part and denied in part.  ***Within 14 days of the date of this Memorandum and Order***, Defendant CertainTeed shall serve its answers to Plaintiff's First Interrogatories No. 7, 10–14, and 17, and produce documents responsive to Second Requests for Production of Documents No. 1 (but limited to the time period January 2008 to August 2010), 3, 6, 10, 11, and 13.

---

[38] Fed. R. Civ. P. 37(a)(5)(C).

CertainTeed's relevancy objection to Request No. 2 is sustained and it need not produce documents responsive to that request.

**IT IS FURTHER ORDERED** that each party shall bear its own expenses incurred in filing or responding to this motion to compel.

Dated this 17th day of August, 2012, at Kansas City, Kansas.

s/ David J. Waxse

David J. Waxse
U. S. Magistrate Judge